Robert Doscher, J.
This is a motion for an order dismissing the cause of action asserted against the defendants pursuant to CPLR 3211 (subd. [a], par. 8) on the ground that the court has *97 no jurisdiction over the defendants. The plaintiff is a resident of the State of New York. Defendant, Dr. Calvares!, is a resident of the State of Massachusetts, and defendant, Villa Malta Kennels, Inc., is a foreign corporation having its principal office also in the State of Massachusetts. Both defendants were served in Massachusetts. This action is brought in the Supreme Court, County of Westchester, in connection with the purchase of a show dog by plaintiff from defendant. Negotiations between the parties took place in Connecticut at which time a price of $1,250 was offered by the plaintiff and accepted by the defendant, subject to the receipt of a deposit of $400 which plaintiff mailed in New York to defendants in Massachusetts. The balance of $850 was subsequently paid to the defendants in the State of New Jersey.
Plaintiff’s attorney asserts that while in the State of New Jersey, the parties agreed that title to the dog would pass to the plaintiff when the dog had earned its championship points in accordance with the Buies of the American Kennel Club. Plaintiff’s attorney further asserts that the defendants entered the dog in at least one dog show in the State of New York at Madison Square Carden on February 12,1964.
There is no affidavit submitted by the plaintiff, herself, and the statements contained in the opposing affidavit of plaintiff’s attorney as to the plaintiff’s state of mind and the time as to when title passes, or was to have passed, are merely conclusions. It is undisputed that no negotiations took place, nor any contract whatsoever executed within the State of New York. Plaintiff’s attorney urges that jurisdiction was conferred by virtue of CPLB 302 (subd. [a], par. 1). The mere fact that the dog was shown in one, or possibly more than one, dog show in the State of New York does not constitute in itself such a transaction of business as to come within the purview of CPLB 302 (subd. [a], par. 1). The transaction of business in New York upon which jurisdiction is sought must also be the basis or act upon which the suit itself is predicated, e.g., the cause of action must also arise out of that transaction which took place in New York. Even if the defendants showed the dog in New York, there is no showing of any breach of contract or any other cause of action arising in favor of the plaintiff based upon that act of showing the dog in New York.
Accordingly, the motion to dismiss this action pursuant to CPLB 3211 (subd. [a], par. 8) is granted.