Sydney F. Foster, J.
Motion by the defendant Alfred Baker Lewis for an order, pursuant to CPLR 3211 (subd. [a], par. 8), dismissing the complaint herein for lack of personal jurisdiction.
The complaint alleges a cause of action in the amount of $43,416 with interest based upon a guarantee of payment of a *317 promissory note. The note was executed in Worcester, Massachusetts, on September 22,1964 between Burton Epstein, Norman Epstein and James K. Davis, all of Worcester, as trustees of Phoenix Real Estate Trust, and the plaintiff Gr. Benedict Corporation, a New York corporation with its usual place of business in Albany, New York. The terms of the note specified that “ [a]ll sums payable hereunder shall be payable at the Commerce Bank & Trust Company, 240 Main Street, Worcester, Massachusetts, or at such other place or places as the holder hereof shall in writing designate.” (Emphasis supplied.)
Executed simultaneously with the note was the said guarantee in which the three trustees in their individual capacities and the defendant Alfred Baker Lewis each: “ guarantee[d] payment and thereby waive [d] presentment, demand, notice and protest in connection with this note, and assent[ed] to the terms thereof and to any extension or postponement of the time of payment or any other indulgence ”. Based upon this provision, plaintiff alleges that the defendants as guarantors were notified that all payments on the note were to be made at its offices in Albany, New York, and in fact one payment on account thereof was made by the primary obligors at plaintiff’s office; and that although due demand had been made, certain installments had not been paid. Judgment is thereby demanded against the defendant guarantors for the whole sum due upon the note in accordance with its terms.
Defendant Alfred Baker Lewis, who was served in the action at his residence in the State of Connecticut, argues, in .moving to dismiss the complaint against him, that service was ineffectual in that he did not perform any act in connection with the note or guarantee within the State of New York.
The test, however, must be whether the defendant transacted any business within New York from which the cause of action arose (CPLR 302, subd. [a], par. 1; Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443, 456; Schneider v. J & C Carpet Co., 23 A D 2d 103, 105). The cause of action arises from a default in payment of an installment which, at the option of the plaintiff, rendered the entire unpaid principal and interest immediately due and payable. The installment and/or principal were payable, under option and written designation, at plaintiff’s offices in Albany, New York. When defendant Lewis executed the guarantee he specifically assented to the terms of the note, viz., the unrestricted delegation of authority as to place of payment in the hands of the holder of the note. In my opinion, therefore, although the note and guarantee were executed in Massachusetts, the cause of action arose out of a default *318 in payment in Albany, New York, the place designated in writing for the performance (the “ transacting of business ”) of the note and the guarantee, making the defendant Lewis amenable to personal jurisdiction in this suit upon the guarantee. (See, also, Restatement, Conflict of Laws, § 356; Zwirn v. Galento, 288 N.Y. 428, 433.)
Motion denied, without costs.