Walter J. Bayer, J.
Defendant, by order to show cause (appearing specially, however), moves by a cross motion to *986 plaintiff’s motion for summary judgment and seeks to dismiss this action on the ground that service of the summons on him in Westchester County, outside of the City of New York, did not give this court jurisdiction over his person.
Immunity from process is asserted on the theory that since defendant resides outside of the ‘City of New York, he is not subject to the jurisdiction of this court by the service process personally upon him at his residence in Westchester County. The plaintiff predicates the jurisdiction of this court and the amenability of the defendant to its process upon the New York City Civil Court Act (§ 404, subd. [a], par. 1), in that the place of defendant’s performance of the transaction, as stated in the note, is at the Manufacturers Trust Company, Jerome Avenue, The Bronx, New York, and that this constitutes the transaction of business within the sense and meaning of the Civil Court Act (§ 404).
This action was commenced by the service of a summons and motion for summary judgment pursuant to CPLB 3213 and the Civil Court Act (§ 1004). It is based upon the default in payment of a negotiable promissory note made by defendant dated February 10,1959, in the amount of $8,200 due on February 10,1964, five years from the date thereof and payable to Morris Goldman at Manufacturers Trust 'Company, Jerome Avenue, The Bronx, New York.
Morris Goldman, now deceased, was the father of the defendant and a resident of the County of Bronx. The plaintiff is the executor of the estate of Morris Goldman and was duly issued letters testamentary by the iSurrogate’s Court, Bronx County.
The defendant urges in support of his motion that he delivered the note to plaintiff’s testator in Westchester County and he therefore transacted no business in the City of New York. However, the defendant admits in his affidavit that the note was given ‘ ‘ to evidence an advance ’ ’ made by his father to him and that such note was drawn by him. Thus it is patently clear that the defendant himself selected or acquiesced in the place designated for his performance, mainly, payment at the Manufacturers Trust Company, Jerome Avenue, The Bronx, New York.
We are not concerned here with the constitutional questions of due process and minimum contacts as formulated under the Supreme Court decisions of International Shoe Co. v. State of Washington (326 U. S. 310) and McGee v. International Life Ins. Co. (355 U. S. 220) and the Court of Appeals decision in Longines-Wittnauer v. Barnes & Reinecke (15 N Y 2d 443). *987 Those cases involved the power of a State to acquire jurisdiction over the person of a nondomiciliary or foreign corporation not physically present within the State under traditional concepts. (1 Weinstein-Korn-Miller, par. 302.03; but of pertinent interest is the factual situation of the threshold decision of McGee, supra, where the foreign corporation maintained neither an office nor an agent in the forum State, had never solicited or done any business there, apart from mailing a reinsurance certificate to the assured in the forum State upon which the plaintiff based her cause of action.)
Here, however, the controlling issue is the intent of the Legis.lature to cover the situation presented under section 404 (subd. [a], par. 1) so as to make the defendant amenable to the process of this court despite his residence in Westchester County and the service of such process on him there. To ascertain the sense and purpose of section 404 of the Civil Court Act, it is essential that the genesis of this court be examined.
Article VI (§ 1, subd. c) of the New York State Constitution provides that all Civil Court process may be served any place in the State, subject to such limitations as may be set out by the Legislature. Thus, the inquiry is not whether section 404 (subd. [a], par. 1) in the circumstances of this case violates jurisdictional due process, but rather whether the statute as drawn covers the situation here.
To implement the power granted under the Constitution, the Legislature originally enacted the New York City Civil Court Act (L. 1962, ch. 693, as amd. by L. 1962, ch. 696). Section 31 of that act permitted unlimited intrastate service of process except as otherwise provided in that act or in the rules. Section 7 of that act granted the court jurisdiction in money actions if the cause of action arose within the City of New York and the defendant either resided or had regular employment or a place for the regular transaction of business within the City of New York or the Counties of Westchester or Nassau. Thus, the Civil Court had jurisdiction over certain nonresidents of the City of New York long before the advent of New York’s “ long-arm ” statute as set out in CPLB 302. The jurisdictional provisions of the Civil Court Act were similar in nature to that of the County Courts. (McKinney’s Session Laws of N. Y., 1962, vol. 2, p. 3689.)
Thereafter, the Legislature enacted the Civil Practice Law and Buies. To conform the Civil Court Act to the Civil Practice Law and Buies, the Legislature repealed the Civil Court Act and thereupon re-enacted it with some modifications. (L. 1963, *988 ch. 564, as amd. by L. 1963, oh. 567.) The stated purpose of the change was merely to facilitate practice and procedure in the Civil Court by providing for uniformity amongst the various courts throughout the State and to implement further the provisions of article VI (§ 1, subd. [a]) of the State Constitution. It was certainly not intended to delimit jurisdiction of this court but rather to expand its scope in the same manner as CPLB 302.
The present Civil Court Act limits service of process to the City of New York (§ 403) “ except as this act otherwise provides.” The Civil Court Act (§ 404, subd. [a], par. 1 and subd. [b]), expands this limitation without regard to city or State lines (in the same manner) as in the New York Supreme Court, provided the defendant ££ transacts ” any business within the City of New York and the cause of action arises out of the transaction of said business.
Prior decisions are of little assistance here; the vast majority of them deal with the problems of Federal due process under CPLB 302. (For a collection of cases, see Comment, Transacting Business as Jurisdictional Basis — A Survey of New York Case Law, 14 Buffalo L. Bev. 525 [1965].)
Defendant gives no weight to the fact that he, in drawing the note, specified the place of payment at the Manufacturers Trust Company, Jerome Ave., The Bronx, New York. The impact of defendant’s designation of the place of payment at the Manufacturers Trust Company is plainly revealed by section 147 of the Negotiable Instruments Law (in effect at the time of the making of the note), where such designation was deemed to be “ equivalent to an order to the bank to pay ”. The same emphasis was carried into the Uniform Commercial Code, where ‘£ A note * * # which states that it is payable at a bank is the equivalent of a draft drawn on the bank ”. (Uniform Commercial Code, § 3-121.) The specification of payment at a bank has long since been tantamount to a check drawn upon the bank. Under these circumstances, ££ The bank is not only authorized but ordered to make payment”. (Official Comment, Uniform Commercial Code, § 3-121, McKinney’s Cons. Laws of N. Y., Book 621/2, p. 93.) Manifestly, if the defendant here had drawn a check upon the Manufacturers Trust Company, Jerome Ave., The Bronx, New York, and that check was not honored, there would be little question that section 404 (subd. [a], par. 1) would subject him to the process of this court. The court finds little difference between the drawing of a check and the defendant’s making of a note which the Negotiable Instruments Law at the time of its making, and at the time of its payment, deemed *989 it to be the equivalent of a check. (See Hart & Willier, Forms & Procedures under U. C. C., § 32.10.)
In a situation factually similar to the one at hand, nondomiciliary guarantors were held subject to the jurisdiction of our Supreme Court upon default in payment of a note which was executed in. Massachusetts by residents of Massachusetts, but payment of which was to be made in New York. Giving effect io CPLB 302, the court held that “ the cause of action arose out of a default in payment in Albany, New York, the place designated in writing for the performance (the ‘ transacting of business ’) of the note and the guarantee, making the defendant * <:= * amenable to personal jurisdiction in this suit (G. Benedict Corp. v. Epstein, 47 Misc 2d 316, 317-318.) Here, too, the defendant’s note called for the performance of payment m the County of Bronx, City of New York.
The defendant himself designated the City of New York as the place of his performance. To the payee of the note, no doubt this was the most vital point of the entire loan. (McLaughlin, McKinney’s Cons. Laws of N. Y., Book 7B, CPLB 302, 1965 Supplementary Practice Commentary.) Jurisdiction should be founded upon a touchstone of reason, i.e., whether it is reasonable and fair to expect the defendant to litigate in New York City. Its application to this action for the default in the payment of a note admittedly drawn by the defendant and wherein the defendant specified New York City as the place of his performance, can hardly be questioned; plainly it justifies the requirement that defendant defend an action instituted here by the payee or, as here, by his representative. To hold otherwise would confer on defendant an immunity and escape from local process despite his own acts.
That being so, I find that this court has jurisdiction over this defendant under section 404 of the Civil Court Act (subd. [a], par. 1).
Consequently this cross motion of the defendant instituted by an order to show cause is denied.
As respects plaintiff’s motion for summary judgment, defendant shall have leave to serve and submit his answering affidavits within 10 days (CPLB 3211, subd. [f]) from the date of the service of the order entered simultaneously herewith.
Pending the coming in of defendant’s answering papers to the plaintiff’s motion for summary judgment (No. 137 Dec. 17, 1965), determination of that motion will be held in abeyance.