HENRY ROSELAND et al., Plaintiffs, *v.* NATIONAL TRANSPORTATION COMPANY, Defendant.

Supreme Court, Special Term, Nassau County, December 30, 1966.

*Winnie & Matis* for plaintiffs. *Mendes & Mount* for defendant.

WILLIAM R. BRENNAN, JR., J. On February 3, 1966, defendant's tractor-trailer was in collision with a motor vehicle in which the plaintiffs were riding on the New Jersey Turnpike. The defendant is a foreign corporation allegedly organized under the laws of New Jersey which has its principal place of business in Fairfield, Connecticut, and which at the time of service of the summons and complaint herein had no office or place of business in New York. The tractor was registered in New Jersey, the trailer in New York.

On November 4, 1966, the summons and complaint in this action were served on the defendant by service upon the Secretary of State and then by registered mail to its address in Connecticut in purported compliance with section 253 of our Vehicle and Traffic Law (plaintiffs' notice dated November 7, 1966 accompanying mailed copy of process). The summons and notice state the defendant's address as being in Fairfield, Connecticut.

The defendant moves to vacate service of the summons and complaint on the ground that this court has obtained no jurisdiction over it by the service of process so made (CPLR 3211, subd. [a], par. 8).

Section 253 of the Vehicle and Traffic Law palpably fails to support the service of the summons and complaint herein and the plaintiffs do not contend otherwise. Instead, they urge that CPLR 302 (the long-arm statute) sustains the service. But CPLR 302 can only be utilized to sustain personal jurisdiction over a nondomiciliary as to a cause of action arising from enumerated acts, the one relied upon by the plaintiffs being the transaction of any business within the State. Their argument

is simply asserted: "the defendant herein is transacting business in the State of New York through its ownership of the aforesaid trailer." No authority is cited for the proposition. Of course, the test is whether the defendant transacted any business in New York from which the cause of action arose (cf. *Benedict Corp.* v. *Epstein*, 47 Misc 2d 316, 317; *Hunter* v. *Calvaresi*, 45 Misc 2d 96, 97). The registration of the trailer in New York is not such a transaction of business as of itself would sustain jurisdiction. If there is proof to relate such act of registration to the accident, it has not been adduced.

These conclusions require that the motion be granted. It is granted and the complaint is dismissed pursuant to CPLR 3211 (subd. [a], par. 8). However, there is a statement in the unverified complaint that at all relevant times "the defendant is licensed to do business in the State of New York, by the Secretary of the State of New York and is doing business in the State of New York." Neither the moving nor answering papers provide any information as to this allegation other than defendant's affirmation that on the date it received process in Connecticut it had no office or place of business in New York. The dismissal is without prejudice to a motion by plaintiffs to vacate the order of dismissal herein made within 20 days after service of a copy of the order hereon with notice of entry upon papers establishing that the defendant is an authorized foreign corporation (Business Corporation Law, § 304 *et seq.,* and art. 13).