I. Stanley Rosenthal, J.
This is a motion for an order dismissing the action pursuant to CPLR 3211 (subd. [a], par. 8) on the ground that the court has no personal jurisdiction of the defendants, the summons and complaint herein having been effected, personally, upon the defendants in Queens County. The facts gleaned from the affidavits are substantially as follows:
The defendants purchased a freezer from plaintiff’s assignor. The written purchase agreement was entered into at the defendants’home which is located in the County of Queens, State of New York. Plaintiff’s assignor is a Nassau County corporation, having its principal place of business in Nassau County. The agreement provided for installment payments. Subsequent to the agreement plaintiff’s assignor assigned the installment purchase contract to the plaintiff who now sues to recover the unpaid balance due on said contract.
Defendants contend that the court has no jurisdiction over the defendants due to the fact that said defendants do not conduct business in Nassau County nor has this court any jurisdiction predicated upon any other provision of section 404 of the Uniform District Court Act.
The affidavit submitted in opposition concedes that the contract was executed in Queens County and that the defendants at all times resided and continue to reside in Queens County. Plaintiff nevertheless contends that as a result of the assignment to the plaintiff, payment on the installment contract was to be made to the plaintiff which has its office in Nassau County and therefore the defendants are doing business in Nassau County.
The case presents the question involving the application of our “ long-arm-statute ”, namely paragraph 1 of subdivision (a) of section 404 of the Uniform District Court Act, which particular section, insofar as pertinent, reads as follows:
“ (a) Acts which are the basis of jurisdiction. The court may exercise personal jurisdiction over any non-resident of the county, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state and a resident of the county, if, in person or through an agent, he:
“ 1. transacts any business within a district of the court in the county; or ”.
*637 The courts have liberalized the theory of doing business by “ minimal contact ” but failed to set up any mechanical formula and are looking to the facts in each case. (Home Grafts v. Gramercy Homes, 41 Mise 2d 591.) It was also said in that ease that the ‘ ‘ minimal contacts ’ ’ theory should be applied with traditional concepts of fairness and substantial justice. The importance of bearing traditional concepts in mind is apparent from Gonn v. Whitmore (9 Utah 2d 250, 254) wherein the court said: ‘ ‘ Even under the liberalized view the foregoing cases represent as to the prerequisites to holding one subject to personal jurisdiction of the courts of a foreign state, this requirement remains: there must be some substantial activity which correlates with a purpose to engage in a course of business or some continuity of activity in the state so that deeming the defendant to be present therein is founded upon a realistic basis and is not a mere fiction. That this is so and that a single act or transaction does not suffice unless it fits into the above pattern is well established.”
In the Home Grafts case (supra) the court held it was necessary that the defendant carry on a regular trade and that it would be necessary for defendant to be engaged in commerce or industry in this county and that there must be some continuity of activity of a substantial nature within the county. The holding in the latter case was by my brother Judge Frank Donovan, of this court, and I find myself completely in accord with the learned opinion rendered in that case.
In the case of International Shoe Co. v. Washington (326 U. S. 310) the court in the course of its opinion held that it was the quality and nature of the activity in relation to the fair and orderly administration of laws that are to be weighed, and in the case of Davis v. St. Paul-Mercury Ind. Go. (294 F. 2d 641) the court held that this same formula is equally applicable to jurisdiction over individuals.
In the instant case we have a Nassau County firm doing business outside of Nassau County, as conceded by the papers. Payment as a part of that contract was to be made in installments, which contract was assigned to the plaintiff herein. It is the opinion of this court that in the ‘ ‘ traditional concepts of fairness and substantial justice ” in examining the facts, it was (1) the business of the plaintiff’s assignor which was being carried on, (2) receipt of payment for the merchandise was also the business of the plaintiff’s assignor, and (3) payment for the merchandise was not such a continuous or substantial activity by the defendants in carrying on a trade or business in this county but in effect was furthering the business of the plaintiff. (Cf. Longines- *638 Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443; La Rosa v. Levine, 47 Misc 2d 1025 and Home Crafts v. Gramercy Homes, 41 Misc 2d 591.) Therefore, predicated on the facts in this case defendants’ motion dismissing the complaint for lack of jurisdiction is granted.