John E. Tobin, J.
This is a motion by the defendant pursuant to CPLR 3211 (subd. [a]) to dismiss the plaintiff’s complaint upon the ground that the court has no jurisdiction of the person of the defendant.
It appears from the papers submitted by the parties that the defendant is a Connecticut corporation engaged in the business of operating a personnel agency with its sole and principal place of business located at Stamford, Connecticut; that it is not and never has been licensed to do business in the State of New York, has no office, agent or representative here for the purpose of doing business and has no bank accounts in this State. On or about October 1, 1968, the defendant contacted the personnel office of the plaintiff by telephone and solicited business from the plaintiff.
As a result of that telephone call, the parties arrived at an agreement and entered into a contract for the placement of *323 employees by the defendant with the plaintiff. Pursuant to the terms of that contract, the defendant, on or about October 25, 1968, furnished the plaintiff with the services of one Jules Jacalow, who, after a 40-day training period did not qualify and his employment was terminated. The plaintiff now seeks to recover the return of its placement fee of $1,960 paid to defendant under a written guarantee which was prepared in defendant’s office in Connecticut. Plaintiff commenced this action by serving the defendant with a summons and complaint on May 5, 1969, together with a notice that a copy of said process was filed with the Secretary of State of New York pursuant to section 307 of the Business Corporation Law.
The action was brought by the plaintiff under CPLR 302 (subd. [a], par. 1) which provides as follows:
‘ ‘ Personal jurisdiction by acts of non-domiciliaries:
(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:
1. transacts any business within the state ”.
The question to be resolved in this matter is whether the cause of action brought herein arises from the defendant’s purposeful activities in this State and whether or not the said activities meet the minimal requirements to bring the action within the jurisdiction of the New York State courts. The court has carefully reviewed the papers submitted by the parties and has read all of the cases submitted in their memoranda.
In the Practice Commentary by Joseph M. McLaughlin appearing in McKinney’s Consolidated Laws of New York (CPLR Book 7B, pp. 428, 430) it is stated: £ £ There can no longer be any serious doubt that the transaction of business within the state is a sufficient predicate for personal jurisdiction at least as to causes of action arising out of that business ”.
In Weinstein-Korn-Miller (N. Y. Civ. Prac., vol. 1, par. 302.06a) in discussing “ transaction of business ” as a requirement for applying the so-called ££ long-arm statute ”, the following observations are made:
££ In commercial cases the Court of Appeals has indicated a tendency to expand New York’s jurisdiction and has been more liberal than lower courts. In tort cases, however, the highest state court has shown a contrary tendency.
££ In determining which activities constitute the transaction of business, New York courts have uniformly sustained juris *324 diction where the action arose out of a commercial contract executed in New York or specifying that New York law applies. No court has, however, as yet held that either of these factors is conclusive if the defendant had no other contacts with the state. Moreover, if substantially all of the negotiations took place in New York, it is unlikely that the mere formal execution outside the state would be reason for denying jurisdiction to our courts. Similarly, the mere formal execution in New York of a contract negotiated outside the state between parties having no substantial personal connection in the state of a contract to be performed outside the state would furnish insufficient basis for the exercise of personal jurisdiction by New York courts absent an indication in the contract that the parties intended New York courts as a forum for settling disputes.
“ Troublesome are cases arising out of an out-of-state contract between a domiciliary buyer-plaintiff and a nonresident seller-defendant. The minimum activity that will satisfy both statutory and constitutional requirements is, as yet, unclear.”
From a reading of this and the many cases cited by the parties, it is apparent to the court that: “a nonresident defendant, against whom a judgment in personam is sought in the forum state, be shown merely to ‘ have certain minimum contacts with it such that the maintenance of the suit does not offend1 ‘ traditional notions of fair play and substantial justice ” ’ ” (Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443, 451).
The area which seems to cause concern to the courts in arriving at a final determination in cases involving the ‘1 long-arm statute ”, is, what is meant by “ minimum contacts ” which the defendant outside this jurisdiction must have in this State before he is subject to in personam jurisdiction. In its review of the cases which apply, the court finds that, in considering these minimum contacts, the courts of this State have been more liberal in commercial cases than in tort actions. But even in those commercial cases which have come to the attention of the court, it appears to the court that the contacts in New York State of the nondomiciliary defendants, in those cases, amounted to considerably more than the contacts of the defendant described herein. In Home-Crafts v. Gramercy Homes (41 Misc 2d 591, 593) the court, citing Conn v. Whitmore (9 Utah 2d, 250, 254) said “ There the Court (after discussing McGee v. International Life Ins. Co. [365 U. S. 220]) said: “ Even under the liberalized view the foregoing cases represent as to the prerequisites to holding one subject to personal jurisdiction of the courts of a *325 foreign state, this requirement remains: there must be some substantial activity which correlates with a purpose to engage in a course of business or some continuity of activity in the state so that deeming the defendant to be present therein is founded upon a realistic basis and is not a mere fiction. That this is so and that a single act or transaction does not suffice unless it fits into the above pattern is well established ” (See McKee Elec. Co. v. Rauland-Borg Corp., 20 N Y 2d 377, 382; Franklin Nat. Bank v. Chambers, 54 Misc 2d 635, 637).
The court in its exhaustive study of the subject has been unable to find a clear answer as to what the minimal requirements in commercial cases are for the courts to acquire in personam jurisdiction over a nondomiciliary defendant. In cases such as the matter now under consideration, the true test seems to be whether or not the cause of action being sued upon arises out of the transaction of business which defendant is alleged to have had within the State of New York (Schneider v. J & C Carpet Co., 23 A D 2d 103; Roseland v. National Transp. Co., 52 Misc 2d 921; Pacer Int. Corp. v. Otter Distr. Co., 51 Misc 2d 737, 738; Benedict Corp. v. Epstein, 47 Misc 2d 316).
The court finds that this cause of action does arise out of the so-called transaction of business by the defendant in New York State.
In the case at bar however, the only contact that the defendant had in New York State was a telephone call out of which this single transaction resulted. There is nothing in the plaintiff’s papers to indicate that any individual representing the defendant visited New York State in relation to this one matter or that anything except the execution of the contract by the plaintiff here was done by the parties. In fact the papers submitted disclose that the guarantee under which plaintiff seeks recovery in this suit was executed in Connecticut.
It has been held that the mere solicitation of business in New York State by a nondomiciliary corporation is insufficient to subject it to our jurisdiction (Rose v. San Souci Hotel, 51 Misc 2d 1099). Nor is the mere execution of a contract here by a non-domiciliary conclusive as to jurisdiction, with no other contacts (Bundt v. Embro, 27 A D 2d 931; Standard Wine & Liq. Co. v. Bombay Spirits Co., 25 A D 2d 236); and finally, CPLR 302 (subd. [a], par. 1), authorizing a court to exercise personal jurisdiction over any nondomiciliary who transacts business within the State, does not automatically reach a nonresident who never comes into New York but who sells and sends goods into the State (Maggio v. Gym Master Co., 54 Misc 2d 845; Muraco v. Ferentino, 42 Misc 2d 104).
*326 Accordingly, from a reading of the plaintiff’s papers, the court has been unable to determine that the defendant herein carried on such negotiations with the plaintiff in New York State with such continuity of activity as to justify a finding that the contacts of the defendant in this State amounted to the ‘ ‘ transaction of any business ” within the meaning of the statute. The defendant’s motion to dismiss plaintiff’s complaint is therefore granted.