**EXPORT CREDIT CORPORATION, Plaintiff,**

v.

**DIESEL AUTO PARTS CORPORATION, Ali M. Fouladi, Hassan Fouladi, and Hossein Fouladi, Defendants.**

No. 79 Civ. 2511.

United States District Court, S. D. New York.

Oct. 24, 1980.

208

Curtis, Mallet–Prevost, Colt & Mosle, New York City, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendants Hassan Fouladi and Hossein Fouladi.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Defendants Hassan and Hossein Fouladi (the "individual defendants"), brothers and Iranian citizens, move to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and (5) for lack of personal jurisdiction and insufficient service of process and also for an order dissolving an existing *ex parte* order of attachment and awarding them costs and damages. Plaintiff Export Credit Corporation ("ECC") brought this diversity action alleging that Diesel Auto Parts ("DAP" or the "corporate defendant") defaulted on certain

loans extended to it by plaintiff and that the Fouladis, guarantors of the DAP loans, defaulted on their guarantees. The individual defendants, along with two other brothers, are said to be the sole shareholders and principals of DAP. On or about May 15, 1979, plaintiff obtained an *ex parte* order of attachment against the defendants, and the attachment was confirmed on September 7, 1979. Although plaintiff originally alleged in its application for the order of attachment that the Fouladis had consented by contract to jurisdiction in New York, it now urges that this court assert personal jurisdiction over the Fouladi brothers under CPLR § 302(a)(1) on the ground that the cause of action herein arose from business they transacted in the State of New York. Since the disposition of the Fouladis' other requests for relief depends on the resolution of their challenge to personal jurisdiction, I turn first to that question.[1]

Plaintiff alleges jurisdiction under CPLR § 302(a)(1) based on a variety of acts, some committed outside New York by the Fouladis, others committed within New York by the corporate defendant DAP. More important, plaintiff seeks to found jurisdiction on the Fouladis' omission to perform an act in New York, i. e., their breach of the guarantee agreement. In determining whether minimum contacts exist sufficient to justify the exercise of personal jurisdiction over foreign defendants, acts they committed outside New York quite obviously are irrelevant for purposes of longarm jurisdiction. In addition, acts of the corporation may not be attributed to the individual defendants unless the record justifies disregarding the corporate form. *Ferrante Equipment Co. v. Lasker–Goldman Corp.*, 26 N.Y.2d 280, 283, 309 N.Y.S.2d 913, 916, 258 N.E.2d 202 (1970). Here, plaintiff has not made a showing that would justify piercing DAP's corporate veil. Consequently, unless the remaining New York contact alleged by plaintiff is enough to allow this court to extend its jurisdiction over the individual defendants, I have no

1. In view of the disposition of defendants' motion to dismiss for lack of personal jurisdiction, it is unnecessary to reach their alternative ground of insufficient service of process.

alternative but to dismiss for lack of *in personam* jurisdiction.

▮ In attempting to meet this burden, plaintiff points only to the Fouladis' alleged agreement to guarantee the loans DAP obtained from plaintiff. That guarantee obligated the individual defendants, upon DAP's default, to repay the loans in New York. The issue, then, is whether a non-resident guarantor's promise to pay an obligation in New York, without more, suffices to confer longarm jurisdiction on that guarantor. The Courts of New York have decided that this lone contact is not enough. *Hubbard, Westervelt & Mottelay, Inc. v. Harsh Building Co.*, 28 A.D.2d 295, 284 N.Y. S.2d 879 (1st Dept. 1967); *Plaza Realty Investors v. Bailey*, 484 F.Supp. 335, 346 (S.D.N.Y.1979).[2] Thus, personal jurisdiction over the individual defendants fails under CPLR § 302(a)(1).

Having determined that the individual defendants, Hassan Fouladi and Hossein Fouladi, are to be dismissed from this action, plaintiff's *ex parte* order of attachment pursuant to CPLR § 6224 is hereby annulled with respect to them. Thus, individual defendants' motion to dismiss is granted, and the attachment annulled with respect to the individual moving defendants without costs, but not as to any other defendants.

So ordered.

---

**2.** *But cf. G. Benedict Corp. v. Epstein*, 47 Misc.2d 316, 262 N.Y.S.2d 726 (Sup.Ct. Albany Co. 1965). This court reluctantly must agree with the court in *Hubbard* that *Benedict* is not supported by the weight of authority in New York. *See also In re Ta Chi Navigation (Panama) Corp., S.A.*, 462 F.Supp. 260 (S.D.N.Y. 1978) (commenting on the vitality of *Benedict* ).