OPINION OF THE COURT
Katherine A. Levine, J.
The decision/order on this motion is as follows:
This case was submitted, after oral argument, solely on the issue of whether the Civil Court of the City of New York obtains personal jurisdiction over a defendant who is served in Long Island when the record is bereft as to whether Allstate is a resident of New York City. The issue arises as part of defendant Allstate’s motion to vacate a default judgment. Allstate contends that it should have been served at its Brooklyn office since it transacts business in the City of New York and that since it was improperly served, it could not answer the complaint and the court therefore never obtained personal jurisdiction over it.
The parties do not dispute that for purposes of this lawsuit, one Mr. Bergami, an employee of Allstate in Long Island, was authorized to and did accept service on the part of Allstate. However, neither side presented testimony or evidence as to whether Allstate met the definition of a resident of New York City. Nor did either side present a witness to explain why, in this particular case, service was not initially attempted in Brooklyn.
Pursuant to New York City Civil Court Act § 403, the
“[s]ervice of summons shall be made in the manner prescribed in supreme court practice . . . but it shall be made only within the city of New York unless service beyond the city be authorized by this act or by such other provision of law, other than the CPLR, as expressly applies to courts of limited jurisdiction or to all courts of the state.” (Emphasis added.)
CCA 404, otherwise known as the Civil Court’s “longarm statute” (David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 404 at 132 [internal quotation marks omitted]), addresses how personal jurisdiction may be obtained over acts by nonresidents. Pursuant to section 404 (a),
*624 “[t]he court may exercise personal jurisdiction over any non-resident of the city of New York . . . as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state and a resident of the city of New York if, in person or through an agent, he . . .
“transacts any business within the city of New York or contracts anywhere to supply goods or services in the city of New York.” (Emphasis added.)
CCA 404 (d) addresses service upon a corporation or association and provides that if service of the summons cannot be effectuated by personal delivery within New York City so as to acquire in personam jurisdiction, the corporation shall be deemed to be a nonresident of New York City. In such a situation, service of the summons, pursuant to subdivision (b), shall be made at such place as would confer jurisdiction on supreme court in a like case.
The Civil Court Act thus limits service of process to the City of New York (§ 403) “except as this act otherwise provides.” (Goldman v Goldman, 48 Misc 2d 985, 988 [Civ Ct, NY County 1966].) Section 404 (a) (1) and (b) expands this limitation without regard to city or state lines (in the same manner) as in the New York Supreme Court, provided the defendant “transacts” any business within the City of New York and the cause of action arises out of the transaction of said business. (Id.)
A statutory exception must be strictly construed so that the major policy underlying the legislation is not defeated. Exceptions extend only so far as their language fairly warrants, and all doubts should be resolved in favor of the general provision rather than the exception. (McKinney’s Cons Laws of NY, Book 1, Statutes § 213; Matter of Radich v Council of City of Lackawanna, 93 AD2d 559, 562 [4th Dept 1983].) Although there does not appear to be any precedent that specifically addresses the interplay between CCA 403 and 404, the plain meaning of these statutes mandates that service be effectuated within the City of New York if Allstate in fact is a resident of one of the counties within the city. Only if proof is submitted that Allstate is a nonresident may service be effectuated outside of the city.
The ultimate burden of proof on whether a court may assert jurisdiction over a defendant rests with the party asserting jurisdiction. (Castillo v Star Leasing Co., 69 AD3d 551 [2d Dept 2010]; Sanchez v Major, 289 AD2d 320 [2d Dept 2001]; Anglin v *625 Allie Motors, Inc., 36 Misc 3d 134[A], 2012 NY Slip Op 51344[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012].) It is well established that the burden of proving that personal jurisdiction was acquired rests at all times upon the plaintiff in the action. (Koyenov v Twin-D Transp., Inc., 33 AD3d 967, 968-969 [2d Dept 2006].) Ordinarily, a proper affidavit of a process server attesting to personal delivery of a summons to a defendant is sufficient to support a finding of jurisdiction. (See Scarano v Scarano, 63 AD3d 716 [2d Dept 2009]; General Motors Acceptance Corp. v Grade A Auto Body, Inc., 21 AD3d 447 [2d Dept 2005]; HSBC Bank USA, Natl. Assn. v Schwartz, 29 Misc 3d 1229[A], 2010 NY Slip Op 52090[U] [Sup Ct, Rockland County 2010].) Here, by conceding that service was effectuated, defendants have obviously failed to adequately rebut the presumption of proper service created by the affidavits of service. (See Owens v Freeman, 65 AD3d 731 [3d Dept 2009].)
Virtually no evidence was offered as to whether Allstate is a resident of the city. However, since this issue is being raised within the context of defendant’s motion to vacate the judgment pursuant to CPLR 5015 (a), the burden rests upon the defendant to provide both a reasonable excuse for its failure to appear and a meritorious defense to the action. (Henry v Kuveke, 9 AD3d 476 [2d Dept 2004]; Katsnelson v ELRAC, Inc., 304 AD2d 619 [2d Dept 2003].) The decision as to whether to set aside a default in answering is generally left to the sound discretion of the court, “the exercise of which will generally not be disturbed if there is support in the record therefor.” (Calderon v 163 Ocean Tenants Corp., 27 AD3d 410, 410 [2d Dept 2006], quoting MacMarty, Inc. v Scheller, 201 AD2d 706 [2d Dept 1994]; see Koyenov.)
Since the parties stipulated at the traverse hearing that personal service was effectuated upon Mark Bergami in Nassau County, plaintiff has met its burden of proving service. (See State Farm Fire & Cas. Co. v Apple Pool & Contr. Corp., 36 Misc 3d 134[A], 2012 NY Slip Op 51342[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012].) The burden thus switches to Allstate to show that plaintiff failed to obtain personal jurisdiction over Allstate because it is a resident of the City of New York and must therefore be served in one of Allstate’s principal offices, here — the Brooklyn Office. (Cf. Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 221 [2d Dept 2011].) Much to the court’s bemusement, Allstate has failed to offer any proof as to its residency although a multitude of Allstate’s officials and of *626 ficial records are obviously at its disposal to explain Allstate’s business operations in the city much less in the metropolitan area. Having failed to meet its burden, defendant’s challenge to the personal jurisdiction of this court is denied and plaintiffs service is upheld. The default judgment against Allstate therefore stands.