Frank A. Gulotta, J.
Motion to dismiss third-party summons and complaint for lack of jurisdiction of the third-party defendant Norge Sales Corporation is denied.
The movant is a foreign corporation which was served with process in Illinois on the basis of the fact that it manufactured the refrigerator which allegedly caused the plaintiff’s injuries, due to defects in the appliance, plus the fact that it shipped the refrigerator directly to the retailer in New York on the basis of an order received from its New York distributor.
This ease would seem to come well within 302 (subd. [a], pars. 1, 2) CPLR, in that the cause of action arises both from the transaction of business within the State and the commission of a tortious act therein.
“ Transaction of business ” is a broader term than “ doing business ” as interpreted under prior law and apparently requires no continuity whatever. (National Gas Appliance Corp. v. A B Electrolux, 270 F. 2d 472, cert. den. 361 U. S. 959.) Furthermore if that were needed the present mode of operation by Norge seems to have gone on for over 20 years.
On the tort aspects of the case, see Gray v. American Radiator & Std. Sanitary Corp. (22 Ill. 2d 432), which sustained jurisdiction under a similar statute to 302 'CPLR, although that defendant had not shipped the defective valve to Illinois at all hut to another State, from which it eventually found its way to Illinois.