Bernard Tomson, J.
The defendant, Clyde L. Hindman Agency, Inc., moves pursuant to CPLR 3211 (subd. [a], par. 8) to dismiss the complaint on the ground that the court has no jurisdiction over it.
The plaintiff, a Nassau resident, instituted this action against the Hindman Agency, a foreign corporation not licensed to do business in New York, with its principal place of business in *404 California, and the Underwriters Insurance Co., which the plaintiff alleges is licensed to ‘ ‘ transact the business of insurance in the State of New York.”
The Hindman Agency solicited the plaintiff’s insurance business conditioned upon the plaintiff becoming a member of the “ National Kiddie Bide Association, Inc.” The plaintiff forwarded his dues to the movant, and became a member of the association. He thereafter obtained an insurance policy which was forwarded to him by the defendant Hindman Agency. The certificate of insurance is of interest. It is signed by “ Clyde L. Hindman, Agent,” and bears a stamp reading:
‘ ‘ Clyde L. Hindman Agency, Inc.
Insurance Brokers
For
National Kiddie Bide Association, Inc.
P.O. Box 355
Woodland Hills, California.”
The certificate states that the loss, if any, is payable to a beneficiary whose address is 522 Fifth Avenue, New York 36, N. Y.
There are exhibits attached to the papers which indicate that the Hindman Agency on a number of occasions solicited insurance business from the plaintiff and others in New York in addition to that resulting in the policy sued on.
The movant urges that it does not transact business in New York and that it acts only as a broker for the Kiddie Association.
The question to be resolved is whether the long-arm statute, CPLB 302, and its parallel, section 404 of the Uniform District Court Act, on the facts here, permit retention of jurisdiction over a foreign corporation having its principal place of business in California, not licensed to do business in this State, or, put another way, whether that corporation is sufficiently here for jurisdiction to attach, because, in the language of the statute, it “ transacts any business within the state ”. (Cf. Home Crafts v. Gramercy Homes, 41 Misc 2d 591; Moss v. Frost Hempstead Corp., 43 Misc 2d 357; Muraco v. Ferentino, 42 Misc 2d 104; Steele v. De Leeuw, 40 Misc 2d 807; Longines-Wittnauer v. Barnes v. Reinecke, 21 A D 2d 474; Iroquois Gas Co. v. Collins, 42 Misc 2d 632; Irgang v. Pelton & Crane Co., 42 Misc 2d 70; Jump v. Duplex Fending Corp., 41 Misc 2d 950; Singer v. Walker, 21 A D 2d 285; Bryant v. Finnish Nat. Airline, 22 A D 2d 16; Perlmutter v. Standard Supply Co., 43 Misc 2d 885.
The recitation in the cases of applicable rules furnishes no definitive guide. Thus in Hanson v. Denckla (357 U. S. 235, *405 251) the court said: “ However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the ‘ minimal contacts ’ with that State that are prerequisite to its exercise of power over him.” Whether the standard of “minimal contacts” is met in a given fact situation is, however, not always easy to determine. So here.
The cases seem to establish a rule that, before jurisdiction attaches, it must appear that a nonresident corporation satisfies the requirement in the statute (“ transacts any business within the state ”), that the business is transacted with a fair amount of continuity and regularity in this State and that the exercise of jurisdiction over the corporation would not offend traditional notions of fair play and substantial justice.
Perhaps decisive on the issue here is the delivery in this State of the contract of insurance to be performed in this State, on which contract the movant’s principal appears as “ agent ” for the company. That, added to the solicitation of the plaintiff’s business in New York, would appear to justify the exercise of jurisdiction over the Hindman Agency. Analogous are the cases where the contract was entered into in New York and jurisdiction was held to attach. (Cf. Steele v. De Leeuw, supra; Longines-Wittnauer v. Collins, supra, and, see, McGee v. International Life Ins. Co., 355 U. S. 220.) Upon the facts here, then, the motion is denied.