John S. Lockman, J.
The defendant moves to dismiss the complaint for lack of jurisdiction and to set aside service because the named defendant was not served.
The gravamen of the motion to dismiss is that the defendant in accepting a telephone order originating in Nassau County for *1026 an insurance policy covering property located in Nassau County, and the mailing of the policy to a Nassau County address did not “ transact ” business. There is no doubt that these acts do constitute the transaction of business. (Ellis v. Newton Paper Co., 44 Misc 2d 134; Elkan v. Hindman Agency, 46 Misc 2d 403.)
Home Crafts v. Gramercy Homes (41 Misc 2d 591) is distinguished ; there the only ‘ ‘ transaction ’ ’ was the acceptance in Nassau County of a telephone order originating outside the county for delivery outside the county. Here this county was where the order originated, where the property being insured was located, and where the policy was delivered. This was precisely the situation the Legislature wanted to cover when it enacted the so-called long-arm statutes. (CPLR 302, 313; CCA, § 404; UDCA, § 404.) These statutes enunciated a public policy requiring that businessmen submit to litigation wherever they solicit business. (Elkan v. Hindman, op. cit.)
The motion to dismiss for lack of jurisdiction is denied.
The motion to set aside the service because it was not made on the named defendant Benjamin Levine cannot be decided by affidavits. Accordingly, the court on its own motion sets this portion of the motion down for hearing on October 26, 1965, Lawrence Part, Nassau County District Court, 9:30 a.m., at which time the parties may produce those witnesses necessary to determine the issue of fact raised by this motion.