Order affirmed, with $10 costs.
Brown and Schwartzwald, JJ., concur.
McDonald, J., dissents and votes to reverse, with the following memorandum: Plaintiff, a resident of Nassau County, instituted this action in the District Court of the County of Nassau to recover the sum of $6,000 damages for alleged negligence in failing to obtain insurance to cover a fur coat and stole belonging to the plaintiff.
The defendant is in the insurance business together with his brother, Philip Levine, as copartners doing business as Benjamin Levine Co., and maintains an office in New York County.
*933 The record in this case discloses that plaintiff, after having received notice of the cancellation of her previous insurance policy a few days prior to November 6, 1964, at the suggestion of an employee of her husband, telephoned Philip Levine at his office in New York County and solicited him to replace the can-celled policy with another company. She thereafter mailed hexcancelled policy to said Philip Levixxe. He thereafter procured a substitute policy axxd mailed same to the plaixxtiff who thereafter paid her premium by return mail.
The record is barren of any evidence indicating that the defendant had an office in Nassau County, advertised in Nassau County or had any insurance transactions in or affecting Nassau County.
The question on this appeal is whether the communication by the plaintiff in Nassau Couxxty to the defendant at his office ixx New York County constituted a transaction of business withixx a district of the court in the County of Nassau to meet the requirements of subdivision 1 of section 404 of the Uxxiform District Coux-t Act.
The law is well settled that a single transaction out of which the cause of action has arisen may satisfy the requirements of the transaction of business provision of CPLR 302 (subd. [a], par. 1) and subdivision 1 of section 404 of the Uniform District Court Act.
The test as to whether or not the activities of the defendant prior to and subsequent to his securing the insurance policy were sufficient to constitute the transaction of business within the district of the court in Nassau County is the totality of his purposeful activities within such district and whether the defendant’s contact with Nassau County was such “that the maintenance of the suit does not offend ‘ traditional notions of fair play and substantial justice ’ ”. (Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443, 451.)
The defendant performed no activity in Nassau County. The evidence of an isolated telephone call made by the plaintiff in Nassau County to the defendant in New York County and a subsequent mailing from New York County of the insurance policy were not purposeful acts performed by the defendant in Nassau County which would constitute the transaction of business in Nassau County to satisfy the requirements of the business provisions of CPLR 302 and section 404 of the Unifox-m District Court Act. (See Greenberg v. R. S. P. Realty Corp., 22 A D 2d 690; Millner Co. v. Noudar, Lda., 24 A D 2d 326.)