DOROTHY DOWNES, Doing Business as RUNYON REALTY, Plaintiff, *v.* CHARLES CIRELLI et al., Defendants.

City Court of Yonkers, January 5, 1967.

*Richard J. Leahy* for defendants. *Herbert Z. Reinberg* for plaintiff.

JOHN C. COUZENS, J. This is a motion made upon an order to show cause why an order should not be made vacating and setting aside the alleged service of the summons and vacating and setting aside the judgment taken against the defendants and dismissing the cause of action upon which the judgment is based, upon the grounds that the defendants were never served with the summons, and upon the further grounds that even if they were served personally in The Bronx, the court will not have jurisdiction.

The court has experienced much confusion among attorneys as to their right to jurisdiction over defendants who are nonresidents of the County of Westchester.

Section 213 (subd. [a]) of the Uniform City Court Act provides as follows: " Residence or business within city (a) In an action described in § 202, either a plaintiff or a defendant must:

" 1. be a resident of the city or of a town contiguous to such city, provided that such town is * * * (iii) not within either Nassau or Westchester counties ".

This would indicate that a plaintiff or a defendant in a cause of action must be a resident of the City of Yonkers.

Subdivision (c) of section 213 excludes a cause of action where the same arose in the City of Yonkers and where section 404 would be applicable.

Section 404 (subd. [a], par. 1) provides that the court may exercise personal jurisdiction over any nonresident of the county, where such nonresident *transacts any business* within the City of Yonkers; and subdivision (b) provides that service

of a summons may be made within the county or any adjoining county.

There is no question in the opinion of the court that in those cases covered by section 213 of the Uniform City Court Act, where the parties submit to the court's jurisdiction, that it is within the court's discretion to dismiss any action which does not satisfy the requirements of the section. The bone of contention in this case seems to be the words in section 404 (subd. [a], par. 1) " transacts any business ".

CPLR 302 (subd. [a]) has a similar provision with respect to acts of nondomiciliaries and provided as follows: " Acts. which are the basis of jurisdiction. A court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he: 1 transacts any business within the state ".

In the McKinney's Practice Commentary (Cons. Laws of N. Y., Book 7B) thereunder, we find the following statement: " In the final category fall those defendants who perform ' single or occasional acts [which] because of their nature and quality and the circumstances of their commission, may be deemed sufficient ' to subject the defendant to personal jurisdiction on causes of action related to those activities. (66 S. Ct. at 159, 326 U. S. at 318). It is in this class that the new provision, a single-act statute, falls." (*McGee* v. *International Life Ins. Co.,* 355 U. S. 220; *Woodhaven Motor Sales* v. *F & E Granite Memorials,* 46 Misc 2d 266; *La Rosa* v. *Levine,* 47 Misc 2d 1025, affd. 49 Misc 2d 932.) Also, in Weinstein-Korn-Miller, New York Practice vol. 1, par. 302.06a) it is indicated that a long-arm statute such as is contemplated under the Uniform City Court Act is desirable.

It therefore appears to the court that under section 404 of the Uniform City Court Act when dealing with a single-act statute, the cause of action must have arisen out of that single act in order for this court to have jurisdiction.

The court therefore arrives at the conclusion that the legislative intent in enacting the so-called " long-arm statutes " (CPLR 302, 313; UCCA, § 404) was to confer jurisdiction over nonresident defendants whenever the requirements of the respective statutes are satisfied.

In the instant case, the requirement of section 404 (subd. [a], par. 1) of the Uniform City Court Act, " transacts any business within the city " was, in the opinion of the court, satisfied as is demonstrated by the admission in the affidavit of the defend-

ant, Angela Cirelli, that the plaintiff, a real estate broker, did, in fact, show the property of the defendants located in the City of Yonkers to clients of the plaintiff.

In the interest of justice, however, and in order to give defendants their day in court, since the papers do raise issues of fact which can be determined only after a trial, the defendants' motion to open the default and vacate and set aside the judgment herein is granted. Their motion to dismiss the plaintiff's complaint for lack of jurisdiction, however, is denied.

The issue of valid service upon the defendants can only be determined after a traverse and the matter is set down in this court, Part II, for a hearing thereon, for January 13, 1967. All proceedings are stayed pending the hearing. Submit order.