■ FRANK FORD, as Administrator of the Estate of DOROTHY M. FORD, Deceased, et al., Plaintiffs, v. UNITY HOSPITAL et al., Defendants. BRYCE ANTHONY et al., Third-Party Plaintiffs Respondents-Appellants v. "AMERICA", COMPANIA GENERAL DE SEGUROS, S. A., Third-Party Defendant-Appellant, and MID-CONTINENT UNDERWRITERS, INC., Third-Party Defendant-Respondent, NATIONAL REINSURANCE AGENCY, INC., et al., Third-Party Defendants.—In a medical malpractice action to recover damages for personal injury and wrongful death, (1) third-party defendant "America", Compania General De Seguros.

S. A., appeals from so much of an order of the Supreme Court, Kings County, dated July 29, 1971, as denied its motion pursuant to CPLR 3211 (subd. [a] par. 8) to dismiss the third-party complaint as to it, and (2) third-party plaintiffs cross-appeal from so much of said order as dismissed the third-party complaint against third-party defendant Mid-Continent Underwriters, Inc. Order affirmed, with $10 costs and disbursements to third-party plaintiffs-respondents against appellant Seguros and without costs to respondent Mid-Continent Underwriters, Inc. The issue we are called upon to determine on this appeal is whether the courts of this State may exercise jurisdiction over the third-party defendants "America", Compania General De Seguros, S. A. (hereinafter referred to as "Seguros") and Mid-Continent Underwriters, Inc., The affidavits submitted at Special Term establish that in December, 1967, a medical partnership of which the third-party plaintiffs were members retained the Taylor Stevens Corporation and Max M. Rappaport to obtain malpractice liability insurance. The latter parties retained their affiliate, F. G. R. Brokerage, to obtain the insurance. F. G. R. and Taylor Stevens are domestic corporations engaged in insurance brokerage. F. G. R. in turn retained Arnold Chait, a New Jersey broker doing business as Surplus Lines Associates. Chait, in turn, retained the National Reinsurance Agency, Inc., to obtain the insurance. National is an Illinois corporation which had entered into an agency agreement on January 1, 1968, with Seguros, a Mexican insurance company having its principal place of business in Mexico City. The agreement authorized National to solicit insurance, issue policies and cover notes, and collect premiums only for fire and inland marine; general liability and automobile liability; and reinsurance and imposed maximum limits of $10,000 and $20,000 on any general liability policy issued. Medical malpractice insurance was not included in its scope. Moreover, the agreement restricted the right to do business in behalf of Seguros to seven states, none of which was New York. On January 2, 1968, National submitted for approval a proposed malpractice policy for the medical partnership to Mid-Continent Underwriters, Inc., a Louisiana corporation which was the managing agent for Seguros in the United States. Mid-Continent immediately rejected the risk on the ground that it was not authorized to issue malpractice insurance. Nevertheless, National issued a cover note in behalf of Seguros to the medical partnership effective from January 1, 1968 to January 1, 1971 for malpractice insurance with limits of $100,000 and $300,000. The allegation by the third-party plaintiffs that the $40,500 premium on the policy was paid is flatly denied by Seguros and Mid-Continent. On March 14, 1968, Mid-Continent sent a 10-day notice of cancellation of the policy, effective March 24, 1968. The notice provided that excess paid premium over the pro rata premium for the unexpired term would be refunded upon demand. Shortly thereafter the agreement between Seguros and National was canceled because of the latter's unauthorized action. There is no proof in this record that National, Mid-Continent or Seguros have carried on any other business in this state. This malpractice action arose in February, 1968 and was instituted in February, 1970. Notice was given and written demand made to defend the action upon the third-party defendants in April, 1970. The latter, disclaiming liability, have refused to defend. It is alleged that the third-party complaint was served upon Mid-Continent and Seguros by personal service upon Mid-Continent in Louisiana. In our opinion, the issuance and delivery of the cover note into this State was sufficient under section 59-a of the Insurance Law, to confer jurisdiction over Seguros (*Zacharakis* v. *Bunker Hill Mut. Ins. Co.*, 281 App. Div. 487). We agree with Special Term that, notwithstanding the unauthorized nature of the act of

National, Seguros is bound, at least for the purposes of jurisdiction, under the doctrine of apparent authority (cf. *Elman* v. *Belson,* 32 A D 2d 422, 426). We recognize that the facts of this case test the very outer limits of due process requirements (see *Hanson* v. *Denckla,* 357 U. S. 235; *Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke,* 15 N Y 2d 443). However, in view of the overriding interest of this State in affording its residents effective means of redress in their dealings with foreign and alien insurers, we deem the exertion of jurisdiction herein to be proper (*McGee* v. *International Life Ins. Co.,* 355 U. S. 220, 223, 224; Insurance Law, § 59-a, subd. 1). We concur in the dismissal of the third-party action against Mid-Continent. The latter was not a party to the agency agreement between Seguros and National nor did National purport to act in behalf of it in the issuance of the cover note. The mere issuance of the cancellation notice by Mid-Continent was insufficient under either the Section 59-a of the Insurance Law, or CPLR 302 (subd. [a], par. 1) to constitute a basis for jurisdiction. Munder, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.