Gael B. Scacchetti, Je., J.
The case now before the court is one of first impression and deals primarily with a seeming conflict between the Buies of the Administrative Board as promulgated in this department, and the Civil Practice Law and Buies of the State of New York.
Basically, the facts as related disclose that the defendant, after various false starts in attending an arbitration hearing between him and the plaintiff, defaulted in a final appearance and accordingly the arbitration panel made an award to the plaintiff based on a unilateral presentation of facts.
The defendant, through his attorney, now seeks to reopen the default judgment of the arbitration based on CPLB 317 (reopening a default within one year of notice on good cause shown and meritorious defense). The plaintiff on the other hand argues that since this was an arbitration award, the only avenue open to the defendant would be filing for a “trial de novo ” under section 28.12 of Part 28 (22 NYCRR 28.12) of the Buies of the Administrative Board stating as follows:
“ (a) Demands may be made by any party for trial de novo in * * * Civil Court or City Court as the case may be with or without jury. Any party within 20 days after the award is filed with the appropriate court clerk, may file with the court .clerk and serve upon all adverse parties a demand for trial de novo [and an affidavit setting forth grounds for this demand].
“(b) The demandant shall also, concurrently with the filing of the demand, reimburse the appropriate court clerk the fees paid the arbitrators pursuant to Section 28.10(a) of this Part. Such sum shall not be recoverable by the demandant upon trial de novo or in any other proceeding.”
Since the entire concept of arbitration is relatively new, the court has little and, in fact, no precedent from which to draw for a legal analysis. Therefore, the court must wrestle with the case before it as regards the law and as has occurred in similarly congruous situations.
The planners of the arbitration program could not have foreseen a situation occurring as in the case now before this court, any more than the vast array of legislators who promulgate the laws of the State of New York have done in the past with passage of statutes. Bach day new situations arise giving birth to new mandates by which we are governed. More simply related, the changes in attitude and time as well as the occurrence of unforeseen events dictate new laws to be created. Such was the case with the arbitration program. However, to require the architects of this beneficial program to dovetail each minute *178 possibility would have demanded more than human frailty could muster under the situation.
There can be no doubt, however, that the rules of arbitration were never intended to be an avenue which would overrule the laws as stated in the New York Civil Practice Law and Buies.
The State Legislature has adequately spelled out the possibility of reopening a default judgment. This relief is found in CPLR 317 which in substance states as follows: “ A person * * * may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment * * * upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense.”
This section has further been put to the test by our courts in such cases as: Matter of Mento (33 A D 2d 650); Cohen v. Ryan (34 A D 2d 789); Downes v. Cirelli (52 Misc 2d 637).
By refusing to open a default judgment merely because' it was gained through arbitration (requiring a 20-day limitation statute to file for trial de novo after award) would be establishing a dangerous p.récedent and this court could foresee a plethora of inequities occurring. Also, it would be in direct contravention of the liberal policy regarding the opening of default judgments as set down in the case of Downes v. Cirelli (supra).
The court has before it all the relevant pleadings in the case and has had the benefit of arguments by both counsel regarding them. It is unnecessary to go into the relative merits of the case for either the plaintiff or the defendant at this point except to state that the defendant does set forth seemingly meritorious matters which should be decided in a court of law. In this regard, it is felt that the default judgment gained through arbitration should be reopened.
This, however, does not put an end to the entire matter before the court. Counsel for plaintiff argues that if the judgment is reopened it should go back to arbitration, while defendant’s counsel argues that a trial de novo with a jury should be had. This conflict of argument brings to the surface yet another rule of law as set forth in section 3496.13 of the rules (22 NYCRR 3496.13). In substance, it states that Bochester City Court shall supervise all arbitration matters. Since City Court must supervise, it also must consider what has occurred previously. As has been stated, this matter was arbitrated (even though by default in defendant’s appearance) and the court can only assume that , all the matters which should have been brought tp bear were adequately done so, Since that should have been the *179 case, the court can only assume further that counsel for defendant’s argument is sound, and that is, that a trial de novo before a jury should be had. However, the rules as stated in subdivisions (a) and (b) of section 28.12 should ;be adhered to with the exception of the 20-day requirement.
It is, therefore, the decision of this court that the default judgment previously obtained should be reopened and a trial de novo on the facts and issues be had.