**EMPRESA NACIONAL SIDERURGICA, S. A., Plaintiff,**

v.

**GLAZER STEEL COMPANY, Defendant.**

**No. 80 Civ. 4109.**

United States District Court,
S. D. New York.

Dec. 5, 1980.

Mannarino & Bader, Howard D. Bader, New York City, for plaintiff.

Donovan, Leisure, Newton & Irvine, New York City, Covington & Burling, Washington, D. C., for defendant.

OPINION

EDWARD WEINFELD, District Judge.

This is a diversity action commenced by plaintiff, Empresa Nacional Siderurgica, S. A. ("Ensidesa"), a Spanish corporation with its principal place of business in Madrid, against defendant, Glazer Steel Corporation ("Glazer Steel"), a Tennessee corporation, to recover a balance due for processed steel and other products. Plaintiff's United States sales Agent is Ensisteel, Inc., with offices in New York City.

The defendant's principal place of business is in New Orleans and it owns plants in Baton Rouge, Louisiana and Knoxville, Tennessee and conducts all its business at the aforementioned three locations. Glazer Steel conducts no business in New York State. It has no employees, officers or

agents in New York and neither owns nor rents any real or personal property in New York; it does not maintain any books, records or bank accounts, nor is it listed in any phone directory in New York; it is not registered or authorized to do business in New York; it has no registered agent for service of process in New York; and none of its officers regularly travel to New York in connection with its business. Accordingly, the defendant moves pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure for an order quashing service of process and dismissing the complaint on the grounds that the Court lacks jurisdiction over the defendant and that extraterritorial service of process upon the defendant was improper. The plaintiff seeks to uphold jurisdiction over the defendant by virtue of New York State's long–arm statute, which vests its courts with "personal jurisdiction over any nondomiciliary ... who in person or through an agent ... transacts any business within the state" as to any cause of action arising from such transaction.[1] The rationale of the jurisdictional grant is that a nonresident, by engaging in some purposeful activity within the state in connection with the transaction at issue, invokes the benefits and protection of the state law and to require him to respond to an action to enforce an obligation arising out of such activity does not offend due process.[2]

Glazer Steel's business is that of buying steel and other products from manufacturers throughout the world which it then warehouses for resale to customers located throughout the United States. Such purchases are usually made through the United States agents for such manufacturers. On October 20, 1977, Barry Abramson, sales manager of Ensisteel, Inc., telephoned from New York City to Jerome S. Glazer, chief executive officer of Glazer Steel at its New Orleans, Louisiana office, to inquire whether Glazer would be interested in purchasing steel products from Ensidesa. Abramson, from his office in New York City, and Glazer, from his office in New Orleans, exchanged telexes on the subject of the purchase, and Glazer submitted a proposed purchase order. Thereafter, on November 17, 1977, as previously arranged, Glazer met Abramson at Madrid, Spain, where at Ensidesa's headquarters they conferred with company officials and finalized the terms of purchase, price, the specific types of plate to be manufactured and delivered and place of delivery. The products were not to pass through New York but delivery was to be made to Glazer Steel at New Orleans, Louisiana, Charleston, South Carolina, or Baton Rouge, Louisiana.

Upon Glazer's return to New Orleans, he and Abramson again exchanged telexes on the subject of the purchase and on December 8, 1977, Glazer telexed Abramson its formal purchase order addressed to Ensidesa at its principal office in Madrid, with a copy to Abramson in New York. On December 14, 1977, Abramson telexed to Glazer at New Orleans that Ensidesa had confirmed the order. Thus, the calls and telexes between New Orleans and New York were all concerned with the placement of an order. Under all the circumstances, the placing of the order by telex with Ensidesa's agent in New York did not subject Glazer to in personam jurisdiction under section 302;[3] nor is this conclusion changed by the number of telephone calls and telex-

1. N.Y.C.P.L.R. § 302(a)(1) provides: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary ... who in person or through an agent ... transacts any business within the state."

2. Cf. Hanson v. Denckla, 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958); International Shoe Co. v. State of Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945); Parke–Bernet Galleries v. Franklyn, 26 N.Y.2d 13, 16, 308 N.Y.S.2d 337, 339, 256 N.E.2d 506, 507 (1970); Longines–Witnauer Watch Co. v. Barnes & Reinecke, 15 N.Y.2d 443, 457, 261 N.Y.S.2d 8, 18, 209 N.E.2d 68, 75 (1965).

3. Katz & Son Billiard Products v. Correale & Sons, 20 N.Y.2d 903, 285 N.Y.S.2d 871, 232 N.E.2d 864 (1967).

es.[4] The telexes and calls all related to the placing of a single order—they amounted to neither the "minimal contacts" nor the purposeful activity within the State of New York that is essential to in personam jurisdiction. The only purposeful activity within the State was that of Abramson, Ensidesa's representative, but that cannot be transmuted into activity on the part of Glazer.

*Parke–Bernet Galleries v. Franklyn,*[5] relied upon by plaintiff, is readily distinguishable. First, there the New York Court of Appeals adhered to its previously expressed view that "where a defendant merely telephones a single order from outside the State ... our courts would not have [section 302] jurisdiction."[6] Second, the court held that such jurisdiction exists when a defendant engages in "purposeful activity" within the state either in person or "through an agent." The court found jurisdiction because the defendant's direct and personal involvement in an ongoing auction sale conducted in New York by telephone from California through a representative present at the auction sale was such that the defendant, "in a very real sense, projected himself into the auction room in order to compete with the other prospective purchasers who were there."[7] Here, by contrast, Glazer was neither present in New York nor represented by an agent.

Plaintiff, evidently recognizing the weakness of its position, seeks to overcome it by the hearsay statement of its president that it was his "understanding" that Jerome Glazer met with Abramson in New York. This hearsay "understanding" has no probative value. Plaintiff has neither submitted an affidavit by Abramson nor offered any explanation for its absence. But more important, the "understanding" cannot overcome the sworn statement of Jerome Glazer that he never met Abramson in New York City and that his first face–to–face meeting

with him was at the Madrid airport from where they proceeded to the Ensidesa home office and discussed the definitive terms of the proposed purchase.

▮ Upon the conclusion of the oral argument, plaintiff's counsel for the first time requested that depositions be taken on the jurisdictional issue. However, more than seven weeks had elapsed since defendant moved to dismiss for lack of jurisdiction and during that period plaintiff made no attempt to avail itself of the discovery process. Viewed against the substantial factual situation presented by defendant, the belated and last minute request for discovery would serve no purpose other than delay and accordingly it is denied.

The motion of the defendant to dismiss for lack of jurisdiction is granted and the action is dismissed.

---

**4.** *Agrashell, Inc. v. Bernard Sirotta Co.,* 344 F.2d 583, 587 (2d Cir. 1965); *Rainbow Industrial Products v. Haybuster Mfg. Co.,* 419 F.Supp. 543, 546 (E.D.N.Y.1976).

**5.** 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970).

**6.** *Id.* at 17, 308 N.Y.S.2d at 340, 256 N.E.2d at 508.

**7.** *Id.* at 18, 308 N.Y.S.2d at 340, 256 N.E.2d at 508.