**AMBASSADOR INSURANCE COMPANY, Plaintiff,**

v.

**TRULY NOLAN OF AMERICA, INC., et al., Defendants.**

**No. 80 CIV. 1235 (CBM).**

United States District Court,
S. D. New York.

May 13, 1981.

Howard S. Davis, New York City, for plaintiff.

Baer, Marks & Upham by George H. Colin, New York City for defendants Truly Nolan of America, Inc. and Nozzle Nolan, Inc.

Feinberg, Siff & Herman by Peter S. Herman, New York City, for defendant Euclid Services.

Decker & Cooper by Richard P. Decker, Atlanta, Ga., for defendant William Savich and Associates.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Each of the defendants in this action has made a motion to dismiss pursuant to Fed. R.Civ.P. 12(b). Two of the parties have also filed motions concerning pending discovery. A brief recitation of facts common to all the motions will be followed by individual treatment of each motion.

*The Facts*

Insofar as they are relevant to the instant motions, the facts of this case are as follows. Truly Nolan of America, Inc., an Arizona corporation, and Nozzle Nolan, Inc., a Florida corporation (the Nolan defend-

ants) hired William Savich and Associates (Savich), a Georgia corporation, to obtain certain liability insurance. Savich in turn retained defendant Euclid Services, Inc. (Euclid), a New York corporation and insurance broker, to obtain coverage for the Nolan defendants. Euclid purchased the requested insurance from plaintiff, Ambassador Insurance Company (Ambassador), a New York corporation. After conducting an audit, plaintiff determined that it was allegedly due an additional $27,478.00 in premiums. This suit is an attempt to recover the additional premium allegedly due.

After this action was instituted, Euclid cross-claimed against the Nolan defendants. Subsequent to the filing of the cross-claim, this court dismissed the Nolan defendants from this action. The dismissal was predicated by this court finding that the Nolan defendants did not have sufficient minimum contacts with New York for jurisdiction to be exercised over them consistent with the demands of due process. *See Ambassador Insurance Co. v. Truly Nolan of America, Inc., et al.*, No. 80 Civ. 1235 (August 15, 1980 S.D.N.Y.).

*Discussion*

1. *The Nolan Defendants' Motion to Dismiss the Cross-Claim.*

■ The Nolan defendants have moved for a dismissal of the cross-claim filed against them by Euclid. The motion is based upon this court's prior dismissal of the Nolan defendants from this action for jurisdictional reasons. Euclid's first response is that the Nolan defendants have waived any objections to jurisdiction over them in this action by not objecting to the jurisdictional basis of the cross-claim either in their answer to the complaint or their motion to dismiss plaintiff's complaint as to them. This argument is unpersuasive, however, because an objection by the Nolan defendants to the jurisdictional basis of the cross-claim would have been premature before this court dismissed the primary claim against them. The dismissal obviously occurred after the filing of the Nolan's motion to dismiss. It also occurred after the point at which they were required to file an answer to the cross-claim. When made, the cross-claim was clearly proper under Fed.R. Civ.P. 13(g), which provides for the filing of a cross-claim in a responsive pleading without the filing of a complaint, as normally required by Fed.R.Civ.P. 3, or service of process, as otherwise required by Fed.R. Civ.P. 4.

Next Euclid contends that the agency relationship between Euclid and the Nolan defendants constitutes an independent jurisdictional base for the cross-claim. While this may be the case, this question cannot be considered until personal jurisdiction over the Nolan defendants has been obtained by service of process as required by Fed.R.Civ.P. 4. Accordingly, this opinion should not be construed as in any way commenting on whether or not this court would have jurisdiction over a properly commenced action between Euclid and the Nolan defendants.

Finally, Euclid points to a number of cases decided by the New York State courts in support of the proposition that dismissal of the complaint against the Nolan defendants simply converts Euclid's cross-claim into a third-party claim. However, this court does not feel it is necessary to determine the correct disposition of this question under New York law. Instead this court will apply a recent decision of the Second Circuit dealing with the same issue now presented by the instant motion, *Federman v. Empire Fire and Marine Insurance, Co.*, 597 F.2d 798 (2d Cir. 1979) (*Federman*).

*Federman* involved allegations of false and misleading statements contained in a prospectus issued in connection with a public offering of securities. The plaintiffs in *Federman* sued the issuer, the underwriter, the law firm which helped to prepare the prospectus, and certain individuals within that law firm. Empire, the issuer, cross-claimed against the various co-defendants. Subsequently, a court approved settlement disposed of all the plaintiffs' claims, as well as most of the cross-claims. However, the settlement did not dispose of one of the issuer's cross-claims, against an individual lawyer (Goldberg) employed in the firm

which had prepared the registration statement. After an extended discussion of applicable authority concerning a federal district court's discretionary exercise of pendent jurisdiction, the Second Circuit applied pertinent precedent as follows:

> The entry of the stipulation of settlement resulted in prejudicial dismissal on the merits of Empire's cross-claims against codefendant Sitomer and additional defendant Aschkenasy. Empire's cross-claims against Goldberg for contribution and indemnity merit the same disposition in view of the fact that the settlement eliminated the underlying jurisdictional bases for such claims. The stipulation of settlement also necessitates dismissal of Empire's remaining cross-claims against Goldberg for damages and reimbursement, this being the recommended procedure when the jurisdiction-conferring claim is dismissed prior to trial. The fact that the federal claim was dismissed pursuant to a settlement rather than by judicial determination does not justify the application of a different rule.

597 F.2d at 811 (citations omitted).

■ *Federman* is clear authority for dismissal of the Euclid cross-claim against the Nolan defendants. Certainly there is a distinction between *Federman* and the instant case because the "jurisdiction-conferring claim" there was a federal question while here it is a common law claim based upon diversity jurisdiction. *Id.* However, this is not a material distinction. The underlying diversity claim by Ambassador served as the jurisdictional basis for Euclid's cross-claims in the same way that the securities claim in *Federman* served as the basis for the cross-claims there. If anything, dismissal of the cross-claim is more appropriate here, because the underlying claim was dismissed for lack of personal jurisdiction, rather than through a negotiated settlement. Acceptance of Euclid's argument is tantamount to saying that this court can obtain jurisdiction over one claim via another claim over which the court concludes there is no jurisdiction. Since the "jurisdiction-conferring claim" has been dismissed for lack of jurisdiction over the parties, the cross-claim must be dismissed at this time. As indicated above, this dismissal is without prejudice to the filing of a complaint directly by Euclid against the Nolan defendants.

### 2. *Savich's Motion to Dismiss for Lack of Personal Jurisdiction.*

Savich's motion to dismiss for lack of personal jurisdiction is based upon his alleged lack of any sort of continuing contact with the State of New York. Ambassador does not dispute any of Savich's allegations concerning the dearth of contact between Savich and this jurisdiction. Instead, Ambassador points to Savich's dealings with Euclid in connection with the insurance policy at issue as sufficient "minimum contacts" with New York to maintain this action consistent with the requirements of due process. This position must be rejected.

■ There is still no legal support for the exercise of jurisdiction by this court based upon a single commercial transaction which an out of state corporation initiated in New York through an agent. The cases cited by plaintiff in support of its position are inapposite. The cases cited by plaintiff for the general proposition that the acts of an agent may subject an out of state principal to suit in New York involved agents engaged in continuous and ongoing representation of their out of state principals.[1] The agent here, Euclid, is alleged to have engaged in only this single transaction on behalf of Savich, and plaintiff does not contest this allegation.

Plaintiff cites only three cases to support its contention that a single act via an agent can subject an out of state plaintiff to suit. In *Elkan v. Clyde L. Hindman Agency, Inc.,*

---

1. See *Gelfand v. Tanner Motor Tours, Ltd.,* 385 F.2d 116 (2d Cir.), *cert. denied,* 390 U.S. 996, 88 S.Ct. 1198, 20 L.Ed.2d 95 (1967); *Frummer v. Hilton Hotels,* 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967); *Bryant v. Finnish National Airline,* 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439 (1965); *Ford v. Unity Hospital,* 39 A.D.2d 569, 331 N.Y.S.2d 865 (App.Div. 1972).

46 Misc.2d 403, 259 N.Y.S.2d 563 (1965), the judge relied upon the delivery of the insurance policy in New York to establish jurisdiction over a foreign corporation. Here the policy was delivered directly to the Nolan defendants outside the State of New York. The next case, on which plaintiff primarily relies, is *Parke-Bernet Galleries v. Franklyn*, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970) (*Parke-Bernet*). However, Parke-Bernet is distinguishable from this case for essentially the same reasons recently set forth by Judge Weinfeld of this Court in distinguishing *Parke-Bernet* in *Empresa Nacional Siderurgica, S.A. v. Glazer Steel*, 503 F.Supp. 1064 (S.D.N.Y. 1980). As Judge Weinfeld characterized *Parke-Bernet*:

> The court found jurisdiction because the defendant's direct and personal involvement in an ongoing auction sale conducted in New York by telephone from California through a representative present at the auction sale was such that the defendant, "in a very real sense, projected himself into the auction room in order to compete with the other prospective purchasers who were there."

503 F.Supp. at 1066 (footnotes omitted). Thus, while *Parke-Bernet* in one sense involved only a single transaction, the transaction was of a considerable duration, and the defendant did not actually employ an agent. Instead the whole point of *Parke-Bernet* is that the defendant's involvement by phone was extensive enough to avoid even needing an agent in New York. The instant facts are obviously different. There appear to have been only a limited number of telephone contacts between Savich and Euclid previous to the issuance of the policy involved in this case.

· The third case is a decision by a divided panel of the New York Appellate Term, Second Department, in *La Rosa v. Levine*, 49 Misc.2d 932, 268 N.Y.S.2d 737 (1966) (*La Rosa*). *La Rosa* is a per curiam affirmance, and the only account of the facts is found in a dissenting opinion joined by two judges. The case involved the application of Section 404(a)(1) of the New York Uniform District Court Act to decide whether a defendant doing business in New York County could properly be sued in Nassau County. Apparently plaintiff, who lived in Nassau County, there communicated directly with defendant, who did business in New York County. Defendant mailed plaintiff an insurance policy, and plaintiff paid for the policy by return mail. No agent was involved in the case, and it is thus inapplicable to our situation. In addition, the insurance policy was delivered in the forum jurisdiction, rather than being delivered outside the forum as was done here.

This court's decision to dismiss the complaint against Savich is ultimately based not only on the lack of legal support for plaintiff's position, but on the factual conclusion that Savich has not engaged in sufficient purposeful activity in New York to be subject to suit. *See International Shoe Co. v. State of Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 159–60, 90 L.Ed. 95 (1945). A number of telephone calls to Euclid by Savich after the issuance of the policy to the Nolan defendants is insufficient activity because all the calls related to the single transaction involving procurement of the one insurance policy involved in this litigation. *See Agrashell, Inc. v. Bernard Sirotta Co.*, 344 F.2d 583, 587 (2d Cir. 1965). There are insufficient "minimum contacts" between Savich and New York for this court to exercise jurisdiction without violating the requirements of due process.

3. *Euclid's Motion to Dismiss for Failure to State a Claim.*

■ Euclid moves to dismiss the claim against it on the grounds that Euclid, acting as an agent for a disclosed principal, cannot be held liable, as a matter of law, to an insurance company which issues a policy to the disclosed principal. Although some confusion about the exact nature of this motion arose during a hearing before this court, the motion is being treated as one for dismissal pursuant to Fed.R.Civ.P. 12. Accordingly, as Euclid's own counsel states in a letter to the court dated March 25, 1981, the motion is solely an attempt to test the legal sufficiency of plaintiff's complaint.

As such, the motion may not be granted "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980).

■ Put simply, there are "state[s] of facts" which could support the claim as alleged. Paragraph 30 of plaintiff's complaint alleges:

> [t]hat upon information and belief, the defendant Euclid negligently conveyed information *to and from* the plaintiff *which formed the basis for the issuance* of the aforesaid insurance policy as well as *forming the basis for the calculations of the premiums* due from Euclid's principals.

(Emphasis added).

The complaint thus alleges negligent misrepresentation by Euclid. Despite Euclid's protestations to the contrary, some courts have held that such negligent misrepresentation is sufficient to hold an agent liable even when the agent involved is acting on behalf of a disclosed principal.[2] Euclid's other objections appear to stem from an unacceptably inflexible reading of the complaint. Euclid argues that the complaint does not allege misrepresentation by Euclid of facts to plaintiff, but only to its own principals. Yet the complaint plainly states that the misrepresentations involved were "*to* and from the plaintiff." Next, Euclid claims that plaintiff has failed to allege reliance. Again, the complaint explicitly states that the allegedly negligently conveyed information "formed the basis" for issuing the insurance policy involved in this litigation. Dismissal of this complaint just because plaintiff failed to use the word "reliance" would be elevating form over substance. Finally, Euclid objects because plaintiff claims in its memorandum opposing the instant motion that Euclid exceeded its authority. This argument is an attempt by plaintiff to avail itself of another recognized exception to the general rule prohibit-

ing findings of liability against agents dealing on behalf of disclosed principals. Euclid's position is correct. The complaint is silent concerning alleged acts by Euclid in excess of its authority. However, plaintiff's incorrect mention of an allegation not found in the complaint is not sufficient ground to grant the motion since, as just described, the complaint does allege a viable cause of action. Euclid's motion to dismiss must be denied.

### 4. *Pending Discovery Motions*

■ The pending discovery motions concern plaintiff's attempts to depose the Nolan defendants. Plaintiff has moved for sanctions for failure by the Nolan defendants to comply with notices of deposition. The Nolan defendants have responded by requesting a protective order providing for payment of their travel expenses and legal fees if they are required to attend depositions here in New York. The heart of this discovery dispute lies in the Nolan defendants' contention that they cannot simply be served with notices of deposition, but must also be subpoenaed like any other third party witness. Plaintiff responds that the Nolan defendants are still parties to this action because of the Euclid cross-claims against them. However, as described above, those cross-claims have been dismissed. The dismissal of the Euclid cross-claims moots the present discovery controversy. The Nolan defendants are no longer parties to this action. They must be subpoenaed before they may be deposed. In the event plaintiff resumes its efforts to depose the Nolan defendants, the court observes that a protective order providing for expenses and counsel fees would then be appropriate if plaintiff insisted upon compelling the New York appearance of persons presently living in Florida and Arizona.

### *Conclusion*

For the reasons just given, the motions to dismiss by Savich and the Nolan defendants

---

**2.** *See Home Mutual Insurance Co. v. Broadway Bank and Trust Co.*, 100 Misc.2d 228, 417 N.Y. S.2d 856 (1979); *Midland Insurance Co. ·v.*

*Markel Service, Inc.*, 548 F.2d 603 (5th Cir. 1977).

are granted. Euclid's motion to dismiss is denied. Both pending discovery motions are denied as moot.

SO ORDERED.