Willis B. Carman, J.
This is a motion by defendants to dismiss the complaint upon two grounds. First, that this court lacks jurisdiction of the persons of the defendants and second, that this action may not be maintained because of the Statute of Limitations.
I will first consider whether this court has jurisdiction. The cases as I read them offer no definite guide as to what set of facts actually constitute transacting business. However, they seem to require (a) that the defendants may not be called upon to defend in this court unless they had “minimal contacts,” *8 with Nassau County in connection with the transaction of business in this county, and (b) that the business is transacted with a fair amount of continuity and regularity in this county. What constitutes minimal contacts must be determined from the fact situation.
Let us review the facts. It is undisputed that none of the defendants reside or have a place for the transaction of business in Nassau County.
The affidavit of Edward Murphy states that Charles Engelhardt, the husband of plaintiff, opened an account with defendant on December 8, 1961, and on December 8, 1961 and March 1, 1962 he received instructions from Charles Engelhardt to purchase shares of Korvette for his wife’s account. That on October 5, 1962, Charles Engelhardt phoned him and asked his opinion on what action he should take on the Korvette stock. The affidavit of Charles Engelhardt states that from December, 1961 through October, 1962, he made purchases through the defendants of the stock of five named companies. He states that the greater part of said transactions was conducted by telephone between him and the defendant Murphy. That Murphy phoned him at his office-home on many occasions to discuss sale and purchase of securities. These statements are uncontradicted by a reply affidavit and I am assuming them to be factually correct.
It is a well-known fact that transactions concerning the sale and purchase of stock are largely carried out by telephone. I find that a customer-broker relationship existed between plaintiff and defendant, that a continuous business was transacted over the telephone from about December, 1961 to October, 1962, a period of about 10 or 11 months.
The defendant, instead of opening an office in the county, or physically coming into the county with attendant expense of money and time, elected to do business in Nassau County by telephone. In this age of science I think it is fitting and proper to find that the electrical impulse that permitted Murphy to converse with Engelhardt in his home gave him the opportunity to sell his wares and advise concerning the same to the same extent as if he were physically present.
I find that Murphy was present in the plaintiff’s home as a matter of law for the purpose of satisfying the said “ minimal contacts ” test or guide; to argue otherwise in my opinion would be anachronistic and specious.
Accordingly and in conclusion with regard to the question of jurisdiction I find that this court has jurisdiction of both defendants. (See Home Crafts v. Gramercy Homes, 41 Misc 2d 591 and *9 Elkan v. Hindman Agency, 46 Misc 2d 403; also, UDCA, § 404, subd. [a], and CPLR 302, subd. [a], and Practice Commentary by Joseph McLaughlin, in connection with said section [McKinney’s Cons. Laws of N. Y., Book 7B, CPLR].)
I will now consider whether this suit is barred by the Statute of Limitations. This action is based upon an oral contract. I cannot find that the essence of plaintiff’s cause of action is the negligent performance of the defendant’s contractual promise to exercise due care in executing the stop loss order. Rather, I find that there are sufficient facts shown to require a trial on the issue as to whether the contract required the defendants to execute the stop loss order in a prescribed manner.
The cases offer no definite help in deciding the dividing line between an action in contract and one in tort. Surely it would be unfair to make such a finding at this stage of the case based upon the affidavits before me and toss plaintiff out of court depriving her of her right to a full trial at which time all of the testimony would be before the court. The question of whether the essence of this action is solely in tort must rest with the Trial Judge.
I find that this action is not barred by the Statute of Limitations. Accordingly the motion is denied in all respects.