574

■ Mary Corchia, Respondent, v Shmuel Junik, Appellant.

The plaintiff obtained a default judgment for $50,000 after the defendant had defaulted in appearing in the present action. By order to show cause dated June 6, 1988, the defendant moved to vacate this default judgment on two alternative grounds: (1) that the court lacked personal jurisdiction over him (CPLR 5015 [a] [4]), and (2) that any default on his part was excusable (CPLR 5015 [a] [1]; 317).

The former branch of the defendant's motion was supported by his own affidavit, in which he claimed that "I was never served with the summons and complaint [and] I never received any notice of an inquest". The plaintiff's affidavit of service stated that the summons and complaint had been delivered to a certain "Al Smith", allegedly a co-worker of the defendant, and that a copy had been mailed to the defendant's place of business. According to the defense counsel, the defendant knows of no person who matches the description of "Al Smith" provided in the process server's affidavit.

The defendant's motion was brought on by way of an order to show cause which contained a temporary stay of execution

"[p]ending the hearing of [defendant's] motion". The plaintiff, in addition to opposing the defendant's motion, cross-moved to vacate the temporary stay. In the order appealed from, the court directed a hearing with respect to the jurisdictional issue on the condition that the defendant furnish a $50,000 bond, and held the motion and the cross motion in abeyance.

On February 27, 1989, both parties appeared in the Supreme Court, Kings County, before Justice Spodek. When it became apparent that the defendant had not furnished a bond, the court issued an oral ruling to the effect that the temporary stay of execution contained in the original order to show cause should be dissolved. The court also indicated that the matter had been concluded and that the plaintiff could "proceed to collect the judgment". The terms of this oral ruling were apparently reduced to an order dated May 9, 1989. This order, which also restrained the defendant from transferring any assets "until such time as the judgment has been collected by plaintiff", is not before us on this appeal.

The present appeal is from the order dated January 19, 1989, which conditioned the defendant's right to a hearing on the issue of personal jurisdiction on his posting of a $50,000 bond. On this appeal, we find that the Supreme Court erred, as a matter of law, in placing this condition on the defendant's right to a disposition of his motion.

A defendant who makes a motion to vacate a default judgment (and, implicitly, to dismiss the action) on the basis of the court's lack of personal jurisdiction over him has a right to have his motion decided. "The [defendant] is entitled to [a] disposition of the question of service" (Schlossmans, Inc. v Lewis, 8 Misc 2d 727). It is clear that the defendant's failure to meet conditions attached to the issuance of the ex parte stay of enforcement may not serve to deprive him of the right to have the question of personal jurisdiction resolved.

Since the defendant is entitled to a decision on this issue, and since there are issues of fact with respect to personal jurisdiction, the defendant is entitled to a hearing. Assuming that it is ultimately held that the plaintiff has met her burden of establishing personal jurisdiction (see generally, Powell v Powell, 114 AD2d 443) (an issue with respect to which we express no opinion), then the defendant also would be entitled to consideration of that branch of his motion which is premised on CPLR 5015 (a) (1) and 317.

In short, the CPLR does not authorize the Supreme Court to require a moving party to post a bond in order to be entitled

to a determination on his motion. The defendant is entitled to a determination as a matter of right, as expeditiously as circumstances permit. We therefore reverse the order dated January 19, 1989, insofar as appealed from. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.