■ OLYMPUS AMERICA, INC., Respondent, v FUJINON, INC., Defendant, and BRIAN K. CISCO, Appellant. [779 NYS2d 184]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 3, 2003, which denied defendant Cisco's motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

It was during the course of his 17-year employment with the New York-based plaintiff that Cisco acquired the allegedly confidential proprietary information that is the subject of this lawsuit. During that period, Cisco may have attended a few sales meetings in New York, but he purposely availed himself of the privilege of conducting business here, projecting himself into local commerce by generating sales between the New York headquarters and the customers in his territories through the phone calls and e-mails he regularly made or sent to New York. By virtue of these communications, Cisco generated a stream of local commerce, from which he earned his livelihood, originating in New York based on sales that plaintiff's invoices labeled as New York transactions. Cisco was more than a passive participant, playing a crucial role in creating the substance of these transactions, and thus transacting business in New York (*see Courtroom Tel. Network v Focus Media*, 264 AD2d 351 [1999]). A claim arises out of a party's contacts in New York if there is a substantial nexus between the transaction of business here and the cause of action sued upon (*McGowan v Smith*, 52 NY2d 268, 272 [1981]). The totality of the circumstances, combined with the nature and quality of Cisco's purposeful activities, established jurisdiction under CPLR 302 (a) (1).

We have considered defendant-appellant's other arguments and find them unavailing. Concur—Buckley, P.J., Lerner, Friedman, Marlow and Sweeny, JJ.