■ VACUUM INSTRUMENT CORPORATION, Appellant, v EPM COMPANY et al., Respondents. [780 NYS2d 152]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Lifson, J.) entered June 25, 2003, which, upon an order of the same court dated May 15, 2003, granting the defendants' motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of jurisdiction, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the order dated May 15, 2003, is vacated, the motion is denied, and the complaint is reinstated.

The defendant Alan Conrad and his company, the defendant Electronics Production and Monitoring, Inc. (sued herein as

EPM Company), are based in the State of Illinois. In 1987, the defendants entered into an agreement with the plaintiff, a manufacturer of leak detection equipment based in New York, to act as its exclusive sales representative in a sales territory that did not include New York. The plaintiff contends, inter alia, that before the termination of its relationship with the defendants in 2002, it made several overpayments to the defendants. The defendants moved to dismiss the complaint, contending that the Supreme Court did not have "long-arm" jurisdiction over them. The Supreme Court granted the motion and entered a judgment on June 25, 2003, dismissing the complaint.

New York may exercise "long-arm" jurisdiction over a foreign independent contractor, which for several years earned substantial commissions as a sales representative for a New York manufacturer, and which did so by soliciting customers in a territory that does not encompass New York (*see* CPLR 302 [a] [1]; *Reiner & Co. v Schwartz,* 41 NY2d 648 [1977]). That the defendant Alan Conrad was not physically present in New York while selling the plaintiff's products or that the 1987 sales agreement between the parties was not signed in New York are not decisive factors (*see e.g. Burger King Corp. v Rudzewicz,* 471 US 462, 473-480 [1985]; *Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467 [1988]; *Parke-Bernet Galleries v Franklyn,* 26 NY2d 13, 16-17 [1970]; *Lupton Assoc. v Northeast Plastics,* 105 AD2d 3 [1984]; *L.F. Rothschild, Unterberg, Towbin v Thompson,* 78 AD2d 795 [1980]; *Engelhardt v Shields & Co.,* 50 Misc 2d 7 [1966]). Altman, J.P., Smith, Krausman and Skelos, JJ., concur.