SMARTPROS, LTD., Appellant, v JOSEPH M. STRAUB, Respondent. [808 NYS2d 369]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered January 20, 2005, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is denied and the complaint is reinstated.

The plaintiff is a corporation, based in New York, engaged in the business of selling continuing education products. The defendant, at the time a resident of Washington State, came to New York for an interview and was thereafter hired by the plaintiff as its sales person in Texas and several other southern states. The defendant eventually moved to Texas in furtherance of his employment with the plaintiff. This action was commenced by the plaintiff seeking damages due, inter alia, to the defendant's alleged breach of the portion of his nondisclosure/nonsolicitation agreement which provided that he could not be employed by another company while still employed by the plaintiff. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction. The Supreme Court granted the motion. We reverse.

The defendant's "systematic, ongoing relationship with a

New York company, with which [he] w[as] in daily contact" due to his employment, just as if his office were physically located in New York, is transacting business in New York sufficient to confer personal jurisdiction (*see* CPLR 302 [a] [1]; *Opticare Acquisition Corp. v Castillo,* 25 AD3d 238 [2005]; *George Reiner & Co. v Schwartz,* 41 NY2d 648, 653 [1977]). The defendant was in daily contact by telephone and e-mail with the plaintiff's New York offices. All of the plaintiff's products were produced and shipped from New York to the out-of-state customers generated by the defendant. The defendant was paid from the plaintiff's New York accounts. All of the defendant's customers executed sales contracts prepared at the plaintiff's New York headquarters. Lastly, all invoicing, sales support, customer assistance, and technical support of the plaintiff's products sold by the defendant to customers in Texas and the southern states were provided by the plaintiff's Westchester County, New York, offices. The defendant's purposeful out-of-state activities on behalf of his New York employer "generated a stream of local commerce, from which he earned his livelihood, originating in New York based on sales that plaintiff's invoices labeled as New York transactions. [The defendant] was more than a passive participant, playing a crucial role in creating the substance of these transactions, and thus transacting business in New York" (*Olympus Am., Inc. v Fujinon, Inc.,* 8 AD3d 76, 77 [2004]; *see Opticare Acquisition Corp. v Castillo, supra*). That the defendant may not have had a written employment agreement with the plaintiff is not dispositive as the totality of the circumstances demonstrates an ongoing relationship with his New York employer that is "anything but temporary, random, or tenuous" (*Agency Rent A Car Sys., Inc. v Grand Rent A Car Corp.,* 98 F3d 25, 30 [1996]). There is also a substantial relationship between the defendant's contacts with New York and the plaintiff's causes of action, as it is the defendant's alleged breach of his employment agreement with the plaintiff, i.e. his acceptance of contemporaneous employment with another employer, that formed the basis of the plaintiff's causes of action (*cf. Johnson v Ward,* 4 NY3d 516, 519, 519-520 [2005]).

New York's exercise of personal jurisdiction in this case also does not offend constitutional due process. The defendant " 'deliberately' has engaged in significant activities within [New York], or has created 'continuing obligations' between himself and residents of [New York]." Consequently, "he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in

that forum as well" (*Burger King Corp. v Rudzewicz,* 471 US 462, 475-476 [1985] [internal quotation marks omitted; citations omitted]). Here, the defendant purposefully came into New York seeking employment by a New York company and was hired by that company. All of his subsequent activities on behalf of that employer were directed to or from New York. It is not unreasonable for the defendant to expect that if he somehow wronged his New York employer he would be sued in New York for that conduct. Crane, J.P., Luciano, Skelos and Lifson, JJ., concur.