■ MARIE VANDERMARK, as Parent and Natural Guardian of D.V., Respondent, v JOTOMO CORPORATION, Doing Business as MR. ROOTER OF ROCHESTER, et al., Defendants, and MR. ROOTER CORPORATION, Appellant. [839 NYS2d 670]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered September 22, 2006 in a personal injury action. The order, insofar as appealed from, denied that part of the motion of defendants The Dwyer Group, Inc. and Mr. Rooter Corporation for an order dismissing the amended complaint against defendant Mr. Rooter Corporation on the basis of lack of personal jurisdiction.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Monroe County, for an immediate trial pursuant to CPLR 3211 (c) in accordance with the following memorandum: Plaintiff commenced this action on behalf of her son seeking damages for injuries he sustained as the result of ingesting a toxic chemical from a water bottle at his residence. An employee of defendant Jotomo Corporation, doing business as Mr. Rooter of Rochester (Rooter), was present at the residence. Rooter is an indepen-

dently owned and operated franchise of defendant Mr. Rooter Corporation (MRC), a Texas corporation that is an independent subsidiary of The Dwyer Group, Inc. (Dwyer). The action was discontinued against Dwyer, and Dwyer and MRC (collectively, defendants) moved, inter alia, to dismiss the amended complaint against MRC pursuant to CPLR 3211 (a) (8) based on lack of personal jurisdiction. Supreme Court erred in summarily denying that part of the motion with respect to MRC and, instead, should have conducted an immediate trial pursuant to CPLR 3211 (c) on the issue of personal jurisdiction raised on the motion.

Although defendants contended in support of the motion that the franchise agreement with Rooter was the only connection between MRC and New York, the record establishes otherwise (*cf. Del Bello v Japanese Steak House*, 43 AD2d 455, 456-457 [1974]). Indeed, plaintiff submitted evidence establishing that MRC maintained a Web site to conduct business transactions on behalf of itself and Rooter in accordance with the contract between MRC and Rooter. Pursuant to CPLR 302 (a) (1), a court may exercise personal jurisdiction over a non-domiciliary defendant who "transacts any business within the state." "[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]). It is well settled that "long-arm jurisdiction [lies] over commercial actors and investors using electronic and telephonic means to project themselves into New York to conduct business transactions" (*Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006], *cert denied* 549 US —, 127 S Ct 832 [2006]).

We conclude on the record before us that there is an issue of fact whether MRC's creation and maintenance of a Web site amounts to the transaction of business in New York, and that issue turns on whether the Web site has significant commercial elements, which typically are found to constitute the transaction of business. "[T]he courts have identified a spectrum of cases involving a defendant's use of the internet. At one end are cases where the defendant makes information available on what is essentially a 'passive' web site. This use of the internet has been analogized to an advertisement in a nationally-available magazine or newspaper, and does not without more justify the exercise of jurisdiction over the defendant . . . At the other end of the spectrum are cases in which the defendant clearly does business over the internet, such as where it knowingly and

repeatedly transmits computer files to customers in other states . . . Finally, occupying the middle ground are cases in which the defendant maintains an interactive web site which permits the exchange of information between users in another state and the defendant, which depending on the level and nature of the exchange may be a basis for jurisdiction" (*Citigroup Inc. v City Holding Co.*, 97 F Supp 2d 549, 565 [2000]).

We therefore reverse the order insofar as appealed from and remit the matter to Supreme Court for an immediate trial pursuant to CPLR 3211 (c) on the issue whether MRC's creation and maintenance of a Web site constitutes the transaction of business on the Web site sufficient to confer personal jurisdiction against MRC under the long-arm statute (*see Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]). Present—Scudder, P.J., Centra, Lunn, Fahey and Peradotto, JJ.