OPINION OF THE COURT
Anil C. Singh, J.
Defendant moves to dismiss the complaint pursuant to CPLR 3211, contending that there is insufficient basis for the exercise *492 of long-arm jurisdiction and thus the case must be dismissed for lack of personal jurisdiction. Alternatively, defendant moves to dismiss the action pursuant to CPLR 313, contending that plaintiff failed to serve the summons and endorsed complaint properly upon defendant at his place of business in California. Plaintiff opposes.
Defendant James R. Gillen is an attorney licensed to practice law in the state of California. He maintains his law offices in Marina del Rey, California. In 2003, he commenced a products liability action in a California court on behalf of several passengers injured in a bus accident.
Plaintiff Ned B. Einstein is a transportation consultant and forensic accident analyst who resides in New York City and is domiciled in New York State. In 2005, defendant hired plaintiff to provide expert services in connection with the California products liability litigation and paid him a retainer in the amount of $2,960. Plaintiff filed the instant action for breach of contract in the Civil Court of New York City on November 21, 2006, alleging that defendant failed to pay plaintiff the sum of $9,042.22 for expert services rendered. Subsequently, defendant filed the instant motion to dismiss.
Defendant James R. Gillen states in a declaration made under penalty of perjury that he first learned about plaintiffs expert services through a Google search on the Internet. He visited plaintiffs Web site and was “pleased to learn” that plaintiff seemed to be from, and/or conduct business, in the state of California and even had a California telephone number for contacting him. Defendant dialed the telephone number and reached plaintiff Ned Einstein. Following the conversation, plaintiff e-mailed defendant a copy of his curriculum vitae.
Defendant states that the only time he ever met with plaintiff was at defendant’s law offices in Marina del Rey in California, when plaintiff came to discuss the products liability matter. After the meeting, plaintiff forwarded a retainer agreement and requested that defendant sign it. Defendant states that he did not sign the agreement, however, because some of the terms were not “agreeable” to him, including the naming of New York State as the “Venue of Dispute.”
Defendant states that he met with plaintiff in Marina del Rey on March 22, 2005. According to defendant, the plaintiff reviewed some documents and offered advice regarding discovery. Thereafter, defendant’s office drafted a two-page declaration for plaintiffs signature. Plaintiff signed the document after making some revisions.
*493 In his sworn affidavit in opposition, plaintiff states he has been a resident solely of New York City for the past eight years. While his firm was incorporated in Los Angeles County in the early 1980s — and thus remains a California corporation “solely as a corporate technicality” — the plaintiff has been headquartered in New York City for the past eight years. Plaintiff maintains local telephone numbers for marketing purposes in Houston, Chicago, Atlanta and — notably—Los Angeles.
Plaintiff states that although he met with the defendant in Los Angeles, the defendant knew from his first telephone call to plaintiff that plaintiffs firm was headquartered in New York City. Further, plaintiff states that defendant reached out to him in New York to retain him, frequently spoke with plaintiff here (and never by telephone from anywhere but here), and sent documents to plaintiff in New York. In addition, plaintiff vehemently denies that a California telephone number appears on his Web site. On the contrary, the firm did not even possess a Web site, or even a reservation for one, until after relocating to the East Coast. Finally, the versions of his curriculum vitae that plaintiff sent to defendant immediately before defendant engaged him (consummated by the payment of a retainer for two days’ work) contained a parenthetical directly beneath the New York address stating, “formerly Van Nuys California.”
Section 404 of the New York City Civil Court Act is this court’s “long-arm” statute. It is a tailored version of CPLR 302 made to fit the jurisdiction of the Civil Court (Sayeedi v Walser, 15 Misc 3d 621 [Civ Ct, Richmond County 2007, Straniere, J.]). Because CCA 404 is modeled upon CPLR 302, it is appropriate for this court to rely on case law interpreting CPLR 302 in determining whether we possess jurisdiction in this matter (id.).
CCA 404 (a) (1) provides that the Civil Court may exercise personal jurisdiction over any nonresident of New York City, in the same manner as if he or she were a domiciliary of New York State and a resident of New York City, if the nonresident transacts any business within New York City or contracts anywhere to supply goods and services in the city. It is plaintiffs burden to assert facts sufficient to warrant a finding of long-arm jurisdiction (Marie v Altshuler, 30 AD3d 271, 272 [1st Dept 2006]). To determine whether a party has transacted business in New York City, this court must look to the totality of the circumstances concerning the party’s interactions with, and activities within, the city (Scheuer v Schwartz, 42 AD3d 314 [1st Dept 2007]; Atlantic Veal & Lamb, Inc. v Silliker, Inc., 11 Misc *494 3d 1072[A], 2006 NY Slip Op 50527[U] [Sup Ct, Kings County 2006, Demarest, J.]). In order to sustain long-arm jurisdiction, the court must find that the New York contact is of such a nature that the nonresident defendant can be deemed to have purposefully invoked the benefits and protection of New York law (SmartPros, Ltd. v Straub, 24 AD3d 653, 654 [2d Dept 2005]). In the absence of such purposeful activity within New York City, jurisdiction cannot be predicated upon any of the provisions of the long-arm statute (O’Brien v Hackensack Univ. Med. Ctr., 305 AD2d 199 [1st Dept 2003]).
Plaintiff contends that Fischbarg v Doucet (38 AD3d 270 [1st Dept 2007]) is directly on point. In Fischbarg, the First Department upheld jurisdiction over California residents who had retained a New York attorney in the latter’s suit for unpaid fees, stating:
“It is defendants’ actions, requesting plaintiff to do substantial work for them in New York, which makes defendant subject to New York jurisdiction. Defendants ‘projected themselves’ into this state by calling plaintiff, who did not know them, consulting him, writing to him, sending him voluminous documents, and then retaining him as their lawyer.” (Fischbarg, 38 AD3d at 275.)
We disagree with plaintiff’s contention that Fischbarg is directly on point, for the facts differ in several important respects. For example, the plaintiff in Fischbarg submitted itemized billing records for 238.4 hours of legal work. By contrast, plaintiff in the instant matter performed only a few hours of work for the defendant. In Fischbarg, all of plaintiffs actions on his California clients’ behalf took place in New York. In the instant matter, it is undisputed that plaintiff flew to California on one occasion to meet defendant face-to-face. Finally, the Court in Fischbarg noted that the defendants sent plaintiff “voluminous” documents, thereby projecting themselves into New York. There is no indication that the defendant in the instant matter took similar action. (Fischbarg, 38 AD3d at 275.)
Although cited by neither party, the case of Deutsche Bank Sec., Inc. v Montana Bd. of Invs. (7 NY3d 65 [2006]) is instructive. The defendant in Deutsche Bank was a state agency charged with managing an investment program for public funds, the public retirement system and state compensation insurance fund assets (7 NY3d at 69). The Court of Appeals held that there was a sufficient basis for the exercise of long-arm jurisdic *495 tion, finding that defendant Montana Board of Investments (MBOI) had used electronic and telephonic means to project itself into New York to conduct business transactions. The Court wrote:
“MBOI should reasonably have expected to defend its actions in New York. As distinct from an out-of-state individual investor making a telephone call to a stockbroker in New York, MBOI is a sophisticated institutional trader that entered New York to transact business here by knowingly initiating and pursuing a negotiation with a DBSI employee in New York that culminated in the sale of $15 million in bonds. Negotiating substantial transactions such as this one was a major aspect of MBOI’s mission— part of its principal reason for being. Further, over the preceding 13 months, MBOI had engaged in approximately eight other bond transactions with DB-SI’s employee in New York, availing itself of the benefits of conducting business here, and thus had sufficient contacts with New York to authorize our courts to exercise jurisdiction over its person. As Professor Siegel has observed, where a defendant ‘deals directly with the brokers’s New York office by phone or mail [or e-mail] in a number of transactions instead of dealing with the broker at the broker’s local office outside New York, long-arm jurisdiction may be upheld’ (Siegel, NY Prac § 86, at 152 [4th ed]).
“In short, when the requirements of due process are met, as they are here, a sophisticated institutional trader knowingly entering our state — whether electronically or otherwise — to negotiate and conclude a substantial transaction is within the embrace of the New York long-arm statute.” (Deutsche Bank, 7 NY3d at 71-72 [citations and internal quotation marks omitted].)
Here — unlike the Deutsche Bank case, where there was an ongoing course of conduct between sophisticated institutional parties — the defendant is a California attorney reaching out to a New York expert witness with a California phone number for advice and potential testimony pertaining to litigation pending in California. In addition, we note that the plaintiff and defendant in Deutsche Bank engaged in several other bond transactions, while the plaintiff and defendant in the instant matter engaged in but a single, isolated transaction.
*496 Based on the parties’ submissions in the instant matter and the legal principles set forth in the above cases, it is clear that plaintiffs claim is not embraced by CPLR 302 (a) (1) or CCA 404. The court finds that plaintiffs claim does not arise from any New York City-related act of defendant.
For the above reasons, defendant’s motion to dismiss for lack of personal jurisdiction is granted.