■ MPG Associates, Inc., Doing Business as The KTI Group, Respondent, v James P. Roeske, Appellant. [975 NYS2d 896]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered November 28, 2012, which denied his motion to vacate an order of the same court dated November 1, 2010, and to dismiss the complaint on the ground of lack of personal jurisdiction.

Ordered that the order entered November 28, 2012, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and, thereafter, a new determination on the defendant's motion.

The plaintiff is a New York corporation engaged in the business of selling the telecommunication services of Verizon Communications, Inc., through agents and subagents. The defendant, a domiciliary of California, allegedly was one of those agents. In the course of his alleged agency, he allegedly disclosed confidential information that belonged to the plaintiff. As a result, the plaintiff commenced this action alleging, inter alia,

breach of contract. The defendant did not answer the complaint, and the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment. The defendant moved to vacate the order entered on his default and to dismiss the complaint on the ground that it was not proper for the Supreme Court to exercise jurisdiction over him under CPLR 302 (a) because all of his business was conducted in California. The Supreme Court denied the motion.

Under New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who . . . transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a]), regardless of whether that non-domiciliary has actually entered New York State (*see Fischbarg v Doucet*, 9 NY3d 375, 380 [2007]). Whether a defendant has transacted business within New York is determined under the totality of the circumstances, and rests on whether the defendant, by some act or acts, has "purposefully avail[ed] itself of the privilege of conducting activities within [New York]" (*Ehrenfeld v Bin Mahfouz*, 9 NY3d 501, 508 [2007]). "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privilege[s] of conducting activities within the forum State, thus invoking the benefits and protections of its laws' " (*Fischbarg v Doucet*, 9 NY3d at 380, quoting *McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d 377, 382 [1967]). Proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, as long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted (*see Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *Vandermark v Jotomo Corp.*, 42 AD3d 931, 932 [2007]).

Contrary to the plaintiff's contention, the defendant specifically argued before the Supreme Court that it lacked jurisdiction under CPLR 302 (a) (1). Therefore, that issue is properly before this Court. Further, given the contradictions in the record as to whether the defendant solicited the plaintiff's New York customers and derived commissions from alleged sales to those customers (*see SmartPros, Ltd. v Straub*, 24 AD3d 653 [2005]; *Vacuum Instrument Corp. v EPM Co.*, 8 AD3d 661 [2004]), a question of fact exists that warrants a hearing (*see Vandermark v Jotomo Corp.*, 42 AD3d at 931; *Corchia v Junik*, 158 AD2d 574, 575 [1990]; *see also Delgado v Velecela*, 56 AD3d 515 [2008]). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing and, thereafter, a new determination of the defendant's motion. Rivera, J.P., Leventhal, Chambers and Lott, JJ., concur.